STATE OF NEVADA, RESPONDENT, v. NATHANIEL L. SQUAIRES, APPELLANT.

The sections of the Criminal Practice Act which require the Sheriff to make return of the venire issued for the trial jurors at least two days before the commencement of the term—that the Judge and Assessor shall make certificate of the names drawn by them to act as jurors, and the section requiring the Judge and Assessor to select the names of two hundred persons, *lawfully qualified to serve as jurors*, are only directory. A judgment will not be reversed for a failure to strictly comply with those sections, unless it shall appear that the defendant may have been injured by such failure.

It was not the intention of the Legislature to require the Judge and Assessor to pass on the qualifications of each person in selecting names out of which to form a jury.

The names should be selected from the assessment roll. As to the qualifications of those selected, that could not be passed on at the time of selection.

The failure to return the panel at the time required could not prejudice the defendant, if he had ample time after the return to inspect the panel.

All the three sections referred to are qualified by Section 323 of Criminal Practice
    Act.

This Court cannot review the action of the Court below in disallowing a chal-
    lenge for cause when the party objecting makes no specification as to the
    nature of the objection upon which he interposes the challenge.   The party
    challenging should specify the grounds of his challenge.

It is error to allow a jury to disperse after impannelment without the consent of
    the prisoner.   But a jury is not properly impanneled until they are sworn and
    charged with the case.

When an instruction is asked and refused, which contains a correct principle of
    law, but there is nothing in the record showing its applicability to the case on
    trial, this Court cannot reverse the judgment.   The refusal may have been on
    the ground that there was nothing in the testimony making the instruction
    applicable to the case.

One may be principal in the crime of arson who does not himself apply the
    torch; if he be present aiding and abetting, he is a principal.   An instruction
    which assumes that the defendant could only be principal if he himself set the
    fire is erroneous, and should not be given.

APPEAL from the District Court of the Second Judicial District,
the Hon. S. H. WRIGHT presiding.

The facts appear in the Opinion.

*I. Atwater,* for Appellant.

The Court erred in overruling defendant's objection to the panel,
that the Sheriff had not made his return until the first day of the
term.    (Statutes 1864–5, p. 137, sec. 3.)

The Court erred in overruling the objection to the panel, that
the Judge and County Assessor had failed to return the proper
certificate of the drawing of the jury as by law required.    (Page
137, sec. 2, of Laws of 1864–5.)

The Court erred in overruling the challenge to the panel, that it
had not been drawn according to law.    (Statutes of 1864–5, p.
137, sec. 1; Statutes of 1864–5, p. 140, sec. 18; Statutes of
1864–5, p. 386, sec. 17; Statutes of 1861, p. 468, sec. 323;
*Gardner* v. *Turner,* 9 John. 260; *Wood* v. *Stoddard,* 2 John.
194; 20 Conn. 510; 11 U. S. Digest, p. 288, sec. 4; *Pringle* v.
*Huse,* 1 Cow. 432.

The Court erred in overruling challenge for cause to jurors
Little, Wilkin, and Van Orman.    (*People* v. *Bodine,* 1 Denio, 281,
304; *Freeman* v. *People,* 4 Den. 9, 23, 35–6; *Monroe* v. *State,*

The State *v.* Squaires.

5 Georgia, 85; *Ex parte Vermilyea*, 6 Cow. 555 to 565; *Id.* 7 Cow. 122; *Davis* v. *Allen*, 11 Pick. 466; *Canumi* v. *People*, 16 N. Y. 501; Statutes of 1861, p. 470, sec. 339; *People* v. *Reyes et al.*, 5 Cal. 346; *People* v. *Gehr*, 8 Cal. 361–2.)

The Court erred in allowing the jury to separate after impannelment without consent of parties. (Statutes of 1864–5, p. 139, secs. 12 and 14.)

The Court erred in refusing the second, third, and fourth instructions asked by defendant. (Statutes of 1861, p. 57, sec 10; Archibald's Crim. Pl. Vol. 1, p. 14; *Conrad* v. *Lindley*, 2 Cal. 173; *Russell* v. *Amador*, 3 Cal. 403; 3 Miss. 166.)

*Thomas E. Haydon, Prosecuting Attorney for Ormsby County,* for Respondent.

Section three, page 137 of Acts of 1864–5 is merely directory. The object was to give time to examine the panel. This object was fully attained by deferring all criminal trials to the second week of Court.

The Court will not reverse a cause for mere technical error when no injury is done. (Laws of 1861, p. 499, sec. 589; Laws of 1861, p. 487, sec. 487.)

The Transcript shows a substantial compliance with the law requiring a certificate of the drawing of the venire, and also a substantial compliance in other respects with the law.

The answers of the jurors showed no legal disqualification. There was no challenge for actual *bias*.

A jury is not impanneled until it is sworn and charged with the cause. (Wharton, Vol. 1st, sec. 590–3; Laws of 1861, p. 380.)

The second instruction was properly refused. An accessory is to be indicted, tried, and punished as a principal. (Laws of 1861, p. 57, sec. 10; Laws of 1861, p. 462, sec. 252; *People* v. *Bearss*, 10 Cal. 69; *People* v. *Davidson*, 5 Cal. 133.)

The Court properly refused the third instruction, because if the prisoner was standing by, aiding and abetting, he was as much guilty as if he applied the torch.

The fourth instruction, not being founded on any existing fact, would only have confused the jury, and was therefore properly refused.

Opinion by LEWIS, C. J., full Bench concurring.

Before the trial jury were sworn in this case, the defendants interposed a challenge to the panel, upon the grounds: first, that the Sheriff did not make return to the venire until the first day of the term; second, because there was no certificate of the District Judge and County Assessor of the drawing of the jury as required by law; and third, because some of the jurors selected by the Judge and Assessor were not registered voters, and hence incompetent to act as jurors.

Section 3 of an Act concerning Jurors, approved February 8th, 1865, makes it the duty of the Sheriff to return the venire issued for the trial jury at least two days prior to the day fixed by law for the commencement of the term of Court; Section 2 of the same Act makes it the duty of the Judge and County Assessor to certify to the list of names drawn by them to act as jurors at any term of the Court; and the first section provides that the District Judge of the district and the County Assessor of the county in which a term of the District Court is, or may be authorized by law to be held, shall, at least ten days prior to the commencement of said term of Court, and at the court-house, publicly and alternately select the names of two hundred persons, *lawfully qualified to serve as jurors, from the assessment roll of such county.*

In answer to the objections of counsel for the defendants; it is sufficient to say that the provisions of these three sections are merely directory, and unless the irregularity in the execution of them be such as would be likely to prejudice the defendants, it will not be a good ground of challenge.

It could not have been the intention of the Legislature to make it the duty of the Judge and Assessor to pass upon the qualifications of each person selected by them to act as jurors, for that were to require an impossibility. It could not be done. And even if, as suggested by counsel, the names were taken from the register of voters, it would not necessarily follow that persons thus selected would be qualified to act as jurors. The obvious purpose of the Legislature was to have all juries selected from among the residents and taxpayers of the county in which they are to perform their duties. Hence, it is made the duty of the Judge and Assessor to se-

lect the names of two hundred persons from the assessment roll, and in our opinion their qualifications to act as jurors, beyond the fact of their names appearing upon the assessment roll, are not to be passed upon by the Judge or Assessor.

We cannot see that the failure of the Sheriff to return the venire two days prior to the time fixed for the commencement of the term prejudiced the defendants. The principal object of that requirement is to give parties an opportunity of inspecting the panel.

The defendants had ample time to inspect the venire before the trial; therefore, they cannot complain of having been injured by the failure to file the venire within the proper time. These requirements, so far as this case is concerned, must be construed in connection with Section 323 of the Criminal Practice Act, which declares that " a challenge to the panel can only be founded on a material departure from the forms prescribed by statute in respect to the drawing and return of the jury, or on the intentional omission of the Sheriff to summon one or more of the jurors drawn.

The errors here complained of are entirely immaterial. We therefore, conclude that the challenge of the defendants was properly disallowed.

Upon the challenges to the jurors Little, Wilkin and Van Orman, we cannot say that the Court below ruled incorrectly; for the challenges were interposed in general terms, " for cause," without a specification of the particular grounds.

Challenges for cause are numerous; some of which are to be tried by the Court, and some by triers. Challenges for cause may be taken: 1st, when the juror has been convicted of felony; 2d, for a want of any of the qualifications prescribed by statute to render a person a competent juror; 3d, unsoundness of mind, or such defect of the mind, or the organs of the body, as renders him incapable of performing the duties of a juror. These are general causes of challenge, and are triable by the Court. Particular causes of challenge are: 1st, for such a bias, as when the existence of the facts is ascertained, the judgment of the law disqualifies the juror, which includes the numerous cases of implied bias, and is triable by the Court; 2d, for the existence of a state of mind on the part of the juror, in reference to the case, which leads to the inference that he will not act with entire impartiality in the trial. This is

called actual bias, and is to be determined by triers. When a challenge is interposed in general terms, as in this case, how is the Court to know the ground of challenge ? whether it is for some general cause, or particular ? whether for implied or actual bias ? To enable the Court to act understandingly, it is necessary to state the particular grounds of the challenge. If that be not done, the Appellate Court cannot determine whether it was properly disallowed or not. In the case of *Paige* v. *O'Neil*, 12 Cal. 480, Mr. Justice Field, in delivering the opinion of the Court, says of a challenge for cause : " It is not sufficient to say ' I challenge for cause,' and then stop, as in this case. The ground upon which it can be sustained, if at all, must be stated." So in 2 Graham and Waterman on New Trials, 473, it is said : " When a juror is challenged for principal cause, or for favor, the ground of the challenge must be distinctly stated ; for without this the challenge is incomplete, and may be wholly disregarded by the Court. It is not enough to say, ' I challenge for principal cause, or for favor,' and stop there ; the cause of the challenge must be specified."

In *Mason* v. *Glover*, 2 Green's Rep. 195, the Court says : " A party cannot make a principal challenge, or a challenge to the favor, by giving it a name. A challenge, whether in writing or by parol, must be in such terms that the Court can see, in the first place, whether it is for principal cause or to the favor, and so determine by what form it is to be tried ; and, secondly, whether the facts, if true, are sufficient to support such challenge." Again : the challenge must " state why the juror does not stand indifferent ; it must state some facts or circumstances which, if true, will show either that the juror is positively and legally disqualified, or create a probability or suspicion that he is not or may not be impartial. In the former case, the challenge would be a principal one, triable by the Court ; in the latter, it would be to the favor, and submitted to triers."

The fourth ground of error assigned by appellant is, that the Court erred in allowing the jury to separate after impannelment, without the consent of the parties.

In support of his position, counsel relies upon Section 12, p. 139, of the Statutes of 1864–5, which declares that " after the impannelment of the jury shall be completed in any case, it shall be the

duty of the Judge to order the jury into the custody of the Sheriff, or other officer selected by the Court; nor shall the jurors be allowed to separate or depart from the custody of the Sheriff or said officer, nor be allowed to communicate with any person, until they shall have been duly discharged, unless by consent of the parties to the action.''

We fully agree with the counsel, that it would be error to allow the jury to separate after the impannelment is completed, unless by consent of parties; but in this case no such separation was allowed. It appears that, before the jurors were sworn or charged with the cause, the Court allowed them to separate; but not after they were so sworn. In our opinion, the impannelment is not complete, as contemplated by the section above referred to, until after they are sworn and charged with the case. Until that time, the right of peremptory challenges usually continues, and it will be observed from the language of the Statute that the impannelment is not deemed complete until the jury is ordered into the custody of the executive officer of the Court; and he is sworn to keep them together, and suffer them to have no communication with any other persons. It was evidently not the intention to have the jury ordered into the custody of the Sheriff until they had been charged with the cause, and until the opportunity for all challenging had passed. For it would be utterly inconsistent to order the jury into the custody of the officer before they are charged with the cause, swearing him at the same time to keep them together " until they agree upon their verdict, or are discharged according to law;" whilst it is still in the power of counsel to peremptorily challenge one or all of the jurors so placed in his keeping. If, as we believe, the jury should not be ordered into the custody of the executive officers of the Court until they are sworn, it follows that the Statute only prohibits a separation after they are so sworn, for it declares that they shall not be allowed to " *separate or depart from the custody of the Sheriff*" until they have been duly discharged. As the record shows no separation of the jury after they were so sworn, we conclude that this objection of counsel for appellant is not well taken.

The fifth assignment of error is upon the ruling of the Court below in refusing to give the following instruction, asked by defendant, to the jury:

" If the jury find from the evidence that the defendant, Squaires, was only knowing or accessory to the crime of burning the said building, then he must be acquitted under this indictment."

It is unnecessary in this case to determine whether this instruction was correct or not, or whether under proper proof it should have been given or not ; because there is nothing in the record before us to show that it was pertinent to the proof. If upon the trial no effort was made, and no evidence was introduced, tending to place the defendant in the position of an accessory, it would have been perfectly proper for the Court below to refuse to give the instruction. The purpose of instructions is to declare the law governing some issue of fact established, or attempted to be established at the trial. Hence, it is always necessary, not only that the instructions asked by either party announce a correct rule of law, but it must be warranted by the evidence. When, therefore, the refusal to give an instruction is complained of, it is as necessary to show its pertinency to the evidence as that it correctly states the law. In the case of the *State of Nevada* v. *Waterman*, 1 Nevada, 544, this Court held that when an instruction containing a correct legal principle is refused, and that there is nothing in the Transcript on Appeal to show whether it was or was not applicable to the case in which it was asked, the Appellate Court may presume that the refusal was upon the ground that it was not applicable. We cannot say, therefore, that the Court erred in refusing the instruction referred to.

It is also claimed that the Court erred in refusing to give the following instruction, asked by the defendant :

" If the jury, from the evidence, have a reasonable doubt as to whether the defendant Squaires set the fire to the building mentioned in the indictment, from which the building was consumed, that doubt must be given to the benefit of the defendant."

This instruction was properly refused. A doubt as to whether the defendant " *set the fire to the building* " would not necessarily render it doubtful as to whether he was guilty, even as principal, in the offense for which he is indicted ; for, though he may not have set the fire, he may have been present, encouraging, instigating, and abetting others to set the fire. In such case, though he did not apply the torch himself, he would be principal in the crime. So,

16

too, if he merely stood near to watch and give the alarm, in case of apprehended detection. (2 Russell on Crimes, 26.) And yet counsel assume in the instruction (and if given, the jury could have drawn no other conclusion from it) that if they had any doubt as to whether the defendant actually set the fire, they should acquit him, notwithstanding he may have been present aiding and abetting those who did apply the torch. It seems to have been the assumption of counsel that defendant could not be a principal in the crime unless he personally set the fire. This is a mistake. (Statutes of 1861, p. 462, section 252.) Even at common law, all who were *present*, encouraging, aiding, and abetting, or stood ready to afford assistance, if necessary, were considered principals, either in the first or second degree. (1 Russell on Crimes, 25–27.)

This instruction was, therefore, properly refused; and the judgment of the Court below must be affirmed.