PATRICIA ANN BRYANT, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 3892

December 17, 1956                    305 P.2d 360

*Samuel S. Lionel,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City; *George M. Dickerson,* District Attorney, Clark County, of Las Vegas; *Gordon L. Hawkins* and *Arthur Olsen,* Deputy District Attorneys, Clark County, of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, C. J.:

This is an appeal from judgment of conviction of the crime of involuntary manslaughter. The only question we reach in this opinion is whether the trial court erred in denying a challenge of one of the jurors for bias.

Sec. 10946, N.C.L.1929, defines implied bias, in part, as "having formed or expressed an unqualified opinion or belief that the prisoner is guilty or not guilty of the offense charged." Sec. 10948, N.C.L.1929, with reference to such implied bias, provides "but no person shall be disqualified as a juror by reason of having formed or expressed an opinion upon the matter or cause to be submitted to such jury founded upon public rumor, statements in public press or common notoriety provided it appears to the court upon his declaration under oath, or otherwise, that he can and will, notwithstanding such an opinion, act impartially and fairly upon the matters submitted to him."

In examining the juror in question, a Mrs. Walker, the defendant's counsel brought out the fact that she had already formed an opinion as to the guilt or innocence of the defendant. Counsel then asked, "And can you impartially and fairly judge this case by reason of those opinions which you now have?" Mrs. Walker replied, "I suppose, yes. *I don't think I could, either, the way I feel like I do about it.*" The challenge was then interposed.

This was followed by examination of the juror by the trial judge and district attorney from which examination it appeared that her opinion was based upon what she had read in the newspapers and assumed the truth of what she had read and would be set aside if the evidence justified; that if, upon conclusion of the trial, the court instructed her to determine guilt or innocence from the evidence presented, she would follow the court's instructions. In conclusion the district attorney asked, "And if

the facts are presented in this courtroom under oath by witnesses * * * [and are] different from what you read in the newspapers would you set aside your opinion based upon, the newspaper and decide it fairly and impartially; that you will act fairly and impartially upon the matters submitted to you regardless of your opinion now?" Mrs. Walker answered, "Yes." Thus she ultimately did declare that she could act fairly and impartially notwithstanding her opinion.

Could the court, under sec. 10948, accept this final declaration as superseding and rendering of no significance the earlier, spontaneous and emphatic confession of bias? In our opinion it could not.

This court in many cases has dealt with the problem of a juror's qualification to act notwithstanding the existence of an opinion as to the defendant's guilt or innocence. In many cases it has upheld the trial court's determination that the juror could and would act impartially notwithstanding such opinion. State v. Lewis, 50 Nev. 212, 255 P. 1002; State v. Milosovich, 42 Nev. 263, 175 P. 139; State v. Salgado, 38 Nev. 64, 413, 149 P. 919 and 150 P. 764; State v. Casey, 34 Nev. 154, 117 P. 5; State v. Simas, 25 Nev. 432, 62 P. 242; State v. Millain, 3 Nev. 409. In none of these cases, however, did the juror express doubt as to his ability to act impartially. On the contrary, in each case he stated unequivocally and without self-contradiction that notwithstanding his opinion he could act impartially.

"The condition of the juror's mind should be determined from the whole of his examination and doubts should be resolved in favor of the accused, as in other matters, to the end that he be tried by twelve fair and unbiased men." State v. Williams, 28 Nev. 395, 409, 82 P. 353, 354. To the same effect: State v. Casey, supra; State v. Buralli, 27 Nev. 41, 71 P. 532.

The nature of an unqualified opinion, as that term is used in law, may well require explanation to a lay mind and an examination into the nature of a juror's opinion is anticipated under sec. 10948. However, such terms as "fairness" and "impartiality" are not peculiar to a lawyer's lexicon. A layman should be able without instruction to ascertain the state of his own mind in relation to the existence of such qualities. The inquiry demands no peculiar knowledge but only an honest search of conscience.

In this case the examination by the court and district attorney did not serve simply to explain the nature of the opinion held. In the absence of any other apparent explanation it actually seems to have persuaded the juror to change her mind as to the fact of her lack of impartiality. In State v. McNeil, 53 Nev. 428, 440, 4 P.2d 889, 892, this court stated, "It may be true that on cross-examination his answers tended to contradict his previous statements but we believe that his very self-contradictions do not increase his fitness as a juryman."

With reference to the juror's declaration as contemplated by sec. 10948, we approve the statement of the New York Court of Appeals in People v. McQuade, 110 N.Y. 284, 18 N.E. 156, 162, 1 L.R.A. 273. "Now, as formerly, an existing opinion, by a person called as a juror, of the guilt or innocence of a defendant charged with crime, is prima facie a disqualification; but it is not now, as before, a conclusive objection, provided the juror makes the declaration specified, and the court, as judge of the fact, is satisfied that such opinion will not influence his action. But the declaration must be unequivocal. It does not satisfy the requirement of the statute if the declaration is qualified or conditional. It is not enough to be able to point to detached language which, alone considered, would seem to meet the statute requirement, if, on construing the whole declaration together, it is apparent that the juror is not able to express an

absolute belief that his opinion will not influence his verdict. * * * Fairly construed, their declaration of their belief that they could render an impartial verdict was qualified by a doubt, and was not sure and absolute. The defendant was at least entitled to a certain and unequivocal declaration of their belief that they could decide the case uninfluenced by their previous opinions."

It is our view that in the case before us the declaration of the juror, Mrs. Walker, was at best qualified by doubt as to her ability to act fairly and impartially. We conclude that it was error to reject the challenge of that juror for cause.

Mrs. Walker was thereafter peremptorily challenged by the defendant. The state contends that this eliminates any prejudice which may have resulted from the court's error in disallowing the challenge for cause. The defendant, however, exhausted her peremptory challenges and there still remained upon the jury a juror whom the defendant had unsuccessfully attempted to challenge for cause. Had the challenge to Mrs. Walker been allowed for cause, a peremptory challenge would have remained to the defendant by means of which the objectionable juror might have been removed from the jury. This is sufficient to establish prejudice. See: State v. Raymond, 11 Nev. 98; Fleeson v. Savage Silver Mining Company, 3 Nev. 157.

The State contends that the challenge of Mrs. Walker was not sufficiently stated to permit consideration of the question of cause by this court. Appellant's challenge of the juror was as follows: "At this time the defendant will challenge this juror for cause, implied bias."

Sec. 10948, N.C.L.1929, provides "In a challenge for implied bias one or more of the causes stated in [sec. 10946] must be alleged." Eleven causes are set forth in sec. 10946. This court has frequently held that a simple challenge "for cause" or "for implied bias" is insufficient under sec. 10948. State v. Squaires, 2 Nev. 226; State v.

Chapman, 6 Nev. 320; State v. Vaughan, 22 Nev. 285, 39 P. 733; State v. Simas, supra; State v. Salgado, supra; see State v. Gray, 19 Nev. 212, 8 P. 456. As stated in State v. Squaires, supra, 2 Nev. 226, 231, "When a challenge is interposed in general terms, as in this case, how is the Court to know the ground of challenge? * * * To enable the court to act understandingly, it is necessary to state the particular grounds of the challenge. If that be not done, the appellate court cannot determine whether it was properly disallowed or not."

Such we construe to be the reason for the statutory rule. State v. Chapman and State v. Vaughan are entirely consistent with such construction. In neither case does it appear that the cause for challenge was made known to the court.

In State v. Simas and State v. Salgado, however, this court applied the rule to a situation where the examination of the juror had demonstrated beyond question the specific ground upon which the challenge was based. In both cases concurring opinions criticise the majority opinion in this respect and in State v. Salgado, NOR-CROSS, J. dissented from that portion of the opinion stating (38 Nev. 64, 77, 145 P. 919, 924) "The right of the defendant to be tried by a fair and impartial jury ought not to turn on the mere technical form of the objection where the form of the challenge was not questioned by the court or opposing counsel and where the course of the examination of the juror indicated that a proper challenge was assumed to have been made." In State v. Raymond, supra, where objection was made under the statute that the specific cause had not been alleged in the making of the challenge, this court, nevertheless, undertook to examine the question of cause stating, "We have concluded to waive this preliminary objection and examine the question upon its merits." The same practice was followed in State v. Lewis, supra.

In the case at bar, not only was no objection to the form of challenge made, but following the challenge both

the judge and the district attorney examined the juror upon the nature of her opinion. The entire examination of the juror related to that one ground of challenge and clearly demonstrates that no one misunderstood the basis for the challenge. Under these circumstances we conclude that the challenge of the juror in conjunction with and in the light of the examination of the juror constituted a sufficient allegation to make known the specific ground of challenge. State v. Simas and State v. Salgado, insofar as the opinions in those cases are opposed to that here expressed, are overruled.

Reversed and remanded for new trial.

BADT and EATHER, JJ., concur.