TROY CLIFFORD HESS AND MICHAEL STEVEN STERLING, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 3984

June 27, 1957                            313 P.2d 432

(Rehearing denied August 13, 1957.)

*Harry E. Claiborne,* of Las Vegas, for Appellants.

*Harvey Dickerson,* Attorney General, of Carson City; *F. Grant Sawyer,* District Attorney, and *Joseph O. McDaniel,* Deputy District Attorney, of Elko, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Appellants, in their appeal from their conviction of the crime of kidnaping in the first degree (NRS 200.310) under which they were sentenced to life imprisonment, assign three errors on the part of the trial court, by reason whereof they contend that they are entitled to a reversal and a remand for a new trial. We find no merit in any one of the three assignments of error.

The complaint charged that the said defendants did on the date specified "willfully, unlawfully and feloniously seize, confine, abduct, kidnap or carry away one Wanda Perkins, of Phoenix, Arizona, near the junction of U. S. Highway 40 and U. S. Highway 93, approximately one mile east of the City of Wells, County of

Elko, State of Nevada, for the purpose of committing robbery upon and from said Wanda Perkins. That both defendants did rape the said Wanda Perkins while she was so unlawfully confined as aforesaid, did bind her hands and feet with a heavy fishing line which cut and bruised her wrists and ankles * * * all of which caused bodily harm to the said Wanda Perkins." Of this crime both defendants were found guilty by the jury at a trial commencing April 12, 1956.

1.  Appellants first assign as error denial of their motion for change of venue. The motion, filed November 28, 1955, was not supported by affidavits. It was based "on the ground that a fair and impartial trial cannot be had in Elko County". It was called up for hearing by the defendants March 14, 1956, after the jury had been impaneled, and was then based "upon all of the testimony introduced heretofore on voir dire examination of all the jurors, indicating a general feeling prevailing in the community, that many of the jurors have had opinions, that the defense was required to exercise all of its peremptory challenges and would otherwise have challenged other jurors peremptorily". No error is assigned in the overruling of any challenges for cause. We have carefully read the record of the voir dire examination of the jurors and in particular those parts of the examination cited in the briefs of appellants, and our conclusion is that the only material facts appearing therefrom are that most of the veniremen had read newspaper articles concerning the case and had heard it discussed by sundry persons not having actual knowledge of the facts. Under NRS 175.115 (formerly sec. 10948 N.C.L. 1929) "no person shall be disqualified as a juror by reason of having formed or expressed an opinion upon the matter or cause to be submitted to such jury, founded upon public rumor, statements in public press, or common notoriety, provided it appears to the court, upon his declaration, under oath or otherwise, that he can and will, notwithstanding such an opinion, act impartially and fairly upon the matters submitted to him." It is not claimed that any

of the jurors sworn in the case could be said to have an unqualified opinion. None of the jurors who sat was challenged for cause. The jury box was filled after examining thirty talesmen. Appellants in their opening brief cite only State v. Teeter, 65 Nev. 584, 200 P.2d 657, and that for the general language used by this court that from the standpoint of idealistic perfection it would be better to try all cases in counties other than where the crime was committed. In their reply brief appellants rely on Bryant v. State, 72 Nev. 330, 305 P.2d 360, in which we found error in overruling a challenge interposed for cause. That case, however, is very clearly distinguishable. Appellants cited other cases in support of the general rule that the defendants are entitled to a fair trial by an impartial jury. There is nothing in the record to indicate to this court, as there was apparently nothing to indicate to the trial court, that the grounds of the motion for change of venue, "that a fair and impartial trial could not be had in Elko County", had any substantial support. The motion was denied in the exercise of a sound discretion by the learned trial judge. See State v. Millain, 3 Nev. 409; State v. McLane, 15 Nev. 345; State v. Gray, 19 Nev. 212, 8 P. 456; State v. Teeter, 65 Nev. 584, 200 P.2d 657; State v. Fouquette, 67 Nev. 505, 221 P.2d 404; State v. Alsup, 69 Nev. 121, 243 P.2d 256, in all of which, despite a far stronger showing than that here made, this court approved the trial court's exercise of its discretion in denying a change of venue.

2. Error is next assigned in the court's order permitting the name of one Marvel Smith to be added to the information as a witness. NRS 173.080 (formerly sec. 11328, N.C.L. 1929) requires the district attorney to endorse upon the information the names of witnesses known to him at the time and the names of other witnesses becoming known to him before the trial "but this shall not preclude the calling of witnesses whose names, or the materiality of whose testimony are first learned

by the district attorney upon the trial". The record supports respondent's contention that the actual materiality of information possessed by the witness was not discovered until the day before the trial, whereupon notice of the respondent's motion to add the name of the witness was served and was three days later presented to the court, which granted the motion under certain conditions. The state was required to make the witness and the information requested available to counsel for appellants. The nature of the testimony to be given was that of identification, and she had made a trip to Utah at the request of defendants to view two prisoners in the Utah state prison. The state made the witness and her information available to defendants as required by the court. The matter lay largely in the discretion of the court and we see in the court's action no abuse of that discretion. Although appellants cite State v. Ceja, 53 Nev. 272, 298 P. 658, 2 P.2d 124 and State v. Monahan, 50 Nev. 27, 249 P. 566, those cases support the court's ruling. The ruling is also supported by State v. Mendez, 57 Nev. 192, 61 P.2d 300, and State v. Teeter, 65 Nev. 584, 200 P.2d 657. We are satisfied that the rights of the defendants were fully protected under the circumstances.

3. Appellants' third assignment of error is that the state failed to establish the venue of the crime in the county of Elko, or in the State of Nevada. While it is true that virtually all of the witnesses testified to the facts as occurring simply at, or on the outskirts of, "Wells, Nevada", without mentioning the county, one witness who testified that he had lived in Wells some twenty-four years and had owned property and was in business there for many years, after stating that he lived at "Wells", was asked the definite question: "That is in Elko County, Nevada?" and he answered, "Yes". Wells is an incorporated city, having been incorporated by direct act of the legislature in 1927, Stats. 1926–27, Chap. 104, p. 141, and by that statute is definitely placed

in the county of Elko. A map or plat, from which the witnesses in the case testified, was by stipulation admitted in evidence. It shows the site of the kidnaping as being on the outskirts of Wells, at the intersection of U. S. Highway No. 93, running north to Twin Falls and south to Ely, and U. S. Highway No. 40 running west to Elko and east to Wendover. It is drawn to scale and shows the actual site of the abduction as being some 400 feet southeast of the city limits of Wells, although it does not designate either the county or the state.

See State v. Buralli, 27 Nev. 41, 48, 71 P. 532, as to judicial knowledge taken by courts of the division of the state into counties and the location of the important towns therein designated by statute as the county seat. Even without such judicial knowledge we may say, as we did in State v. Varga, 66 Nev. 102, 124, 205 P.2d 803, 813: "When all of the evidence introduced at the trial is considered as a whole, there is ample proof that the crime was committed in Wells, Elko County, Nevada."

As no other errors are assigned and as we have found the three errors assigned to be without merit, the judgment must be affirmed, and it is so ordered.

EATHER and MERRILL, JJ., concur.