CHARLES RAYMOND ARMSTRONG, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 8916

December 21, 1976                    557 P.2d 272

[Rehearing denied January 11, 1977]

*William N. Dunseath*, Public Defender, and *David G. Parraguirre*, Deputy Public Defender, Washoe County, for Appellant.

*Robert List*, Attorney General, Carson City; *Michael Fondi*, District Attorney, and *Terry A. Friedman*, Deputy District Attorney, Carson City, for Respondent.

## OPINION

*Per Curiam:*

After being convicted, by jury verdict, of the infamous crime against nature (NRS 201.190), and sentenced to a term of imprisonment, Charles Raymond Armstrong perfected this appeal.

Armstrong's central contention is that he was denied due process of law because, on the day before the trial began, the trial judge permitted the prosecuting attorney to amend the information by adding thereto the name of a witness. The witness had been discovered four days previously and defense counsel had been, at that time, so advised.

This court has previously, and consistently, ruled in analogous situations that "[t]he weight of authority is to the effect that under statutes such as ours the indorsement of names of witnesses upon an information is largely a matter of discretion with the court; and, in the absence of a showing of abuse, or that some substantial injury has resulted to the accused, an order permitting such indorsement, even after the trial has commenced, does not constitute of itself reversible error." State v. Monahan, 50 Nev. 27, 35, 249 P. 566, 569 (1926). Accord: Hess v. State, 73 Nev. 175, 313 P.2d 432 (1957); State v. Teeter, 65 Nev. 584, 200 P.2d 657 (1948). Here, the record

supports the district judge's determination that the amendment was not prejudicial. See NRS 173.095.

Armstrong's other contentions are also without merit. See Thomas v. Sheriff, 89 Nev. 17, 504 P.2d 1313 (1973); Warden v. Lischko, 90 Nev. 221, 523 P.2d 6 (1974).

Affirmed.