Argued March 1, reversed and remanded May 26, 1965

# STATE OF OREGON *v.* KELLER

402 P. 2d 521

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Tom P. Price,* Deputy District Attorney, Porltand, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke, and Holman, Justices.

HOLMAN, J.

The defendant was convicted of the burglary of a drug store in the city of Portland and has appealed. He was arrested in the state of Washington a few days after the burglary when his automobile was involved in an accident. A quantity of narcotics was found in his car. He was questioned by the Port Angeles,

Washington, police while in custody and admitted his complicity in the burglary in question. It was apparently known by the Port Angeles police that he was wanted in Portland for the burglary. A confederate had been apprehended and had implicated Keller. There is no evidence that he was informed that he had a right to remain silent or that he was entitled to the services of a lawyer prior to the time he first made oral self-incriminating statements. A typewritten statement was thereafter signed by the defendant who can neither read nor write but can sign his name. The statement was read to him prior to his signing it. It contained the following statement:

"I have been advised that anything I say can be used against me in a court of law, that I have a right to counsel (lawyer), and that no duress, threats or promises were made to induce statements from me."

Subsequently, Portland police transported the defendant from Port Angeles to Portland and he made incriminating statements to them during the trip. Another typewritten statement was taken from him upon his arrival at Portland. It recited as follows: "* * * I know that I am not required to make any statement and I know that any statement I make may be used against me in criminal proceeding in court. * * *" It said nothing about his having been advised of his right to counsel. It was read to him prior to his signing it. There is no evidence that he failed to understand the warning that he had to make no statement or the offer of counsel previously extended to him at Port Angeles.

Evidence of both the oral and written confessions was received. All were substantially the same. All were received without objection relative to failure

to advise of the right to remain silent or be represented by counsel.

The defendant contends error was committed by the admission into evidence of his oral and written confessions because he had not been effectively advised of his rights to the assistance of counsel and to remain silent.

This case was tried prior to the decision in *Escobedo v. Illinois,* 378 US 478, 12 L Ed2d 977, 84 S Ct 1758 (1964) which states as follows:

"We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' Gideon v. Wainwright, 372 US, at 342, 9 L ed 2d at 804, 93 ALR2d 733, and that no statement elicited by the police during the interrogation may be used against him at a criminal trial."

■ This court has decided that a defendant who was tried prior to *Escobedo* and whose direct appeal was pending at the time *Escobedo* was decided is entitled to raise the question of whether he had been effectively advised of his rights to remain silent and to counsel. Our decision was without regard to whether he raised the question by objection at trial. The general rule is that to be availed of on appeal the erroneous ad-

missibility of evidence must be objected to at trial. The deviation from this rule was allowed because defendant could not be expected to have objected on grounds that he had no reason to believe existed at the time he was tried. His original guilt-determining process was not completed at the time the rule was changed and he was therefore given its benefit. *State v. Clifton*, 240 Or 378, 401 P2d 697.

In the *Escobedo* case the defendant requested counsel—which is not true in this case. The rule of the *Escobedo* case was adopted by this court in *State v. Neely*, 239 Or 487, 395 P2d 557, 398 P2d 482, wherein it was specifically held that the right to be advised that one is entitled to be represented by a lawyer is not dependent upon a request. The court said, at 239 Or 503, as follows:

> "We hold that the Sixth Amendment as made obligatory by the Fourteenth Amendment requires that before law enforcement officials can interrogate a person who is the focal suspect of a crime, such person must effectively be informed of his right to assistance of counsel as well as his right to remain silent. In the absence of such knowledge an accused can in no way be deemed to have intelligently waived his constitutional rights, and in the absence of such waiver a confession obtained by such interrogation is inadmissible."

Based upon the record, evidence of the first oral statement made to the Port Angeles police was not admissible in evidence because defendant had not been advised of his rights to remain silent and to be represented by a lawyer. The first written statement was likewise objectionable because, while there was evidence defendant was advised of his right to counsel, he was not advised of his right to remain silent. He

was told that what he said could be used against him, but he was not told that he was not required to talk. The warning was insufficient. In *Escobedo* the court quoted from *Bram v. United States,* 168 US 532, 562, 42 L ed 568, 580, 18 S Ct 183, as follows:

> " 'It cannot be doubted that, placed in the position in which the accused was when the statement was made to him that the other suspected person had charged him with a crime, the result was to produce upon his mind that fear that if he remained silent it would be considered an admission of guilt, and therefore render certain his being committed for trial as the guilty person, and it cannot be conceived that the converse impression would not also have naturally arisen, that by denying there was hope of removing the suspicion from himself.' "

The second oral confession made on the trip from Port Angeles to Portland was no more admissible than the previous ones. The second written statement, taken at Portland, included a warning that defendant had a right to remain silent.

■ Whether defendant, in view of the recitations in both written confessions, had now been effectively advised of all of his rights when he signed the second one was a question of fact to be determined by the trial judge preliminary to ruling on the confession's admissibility in evidence; as was the question of whether defendant's subsequent signing of the confession constituted a knowing waiver of his rights. We realize that the trial judge had no reason to consider these matters nor did either counsel have any reason to elicit testimony on these points, as *Escobedo* and *Neely* were not then decided. On the basis of the present record we conclude that the written warnings which were read to him were some evidence that he

was effectively advised and the fact that he thereafter signed a confession and made no contention at trial that he did not understand the warnings was some evidence of a knowing waiver. There is no evidence to contradict these implications.

Defendant contends, however, that the last written statement is no better than the others despite the fact that he had been advised of his rights prior to signing it, because the information which it contains had been secured previously; in effect, "the cat was already out of the bag" and he knew he had already been compromised.

■ As one studies the problem of the extent that a confession taken without constitutional safeguards contaminates a subsequent confession obtained after being informed of his right to counsel and to remain silent, the more it appears that no rule of simple application may be laid down. The question must be one of fact in each instance. *Killough v. United States,* 315 F2d 241, concurring opinion at 248; *Lyons v. Oklahoma,* 322 US 596, 88 L Ed 1481.

■ Was the motivating factor for the subsequent confession the fact that he had previously confessed? In many instances this question is probably inextricably bound up with the question of whether a defendant was effectively informed of his rights, for it cannot be said that he knowingly waived his rights by confessing on a subsequent occasion if he did so because he believed that he had already compromised himself. If he is laboring under this misapprehension he has not been effectively told of his rights. This does not mean that he must necessarily know that his prior confession is inadmissible before he can be held to have waived his rights. He may not know and yet

the motivating factor for his subsequent confession may be entirely independent.

██ Whether the subsequent confession is tainted is a preliminary question of fact for the court to determine in ruling on its admissibility just as is the question of whether the defendant has been effectively informed of his rights. These questions need not be resubmitted to the jury as is required for question of the voluntariness of a confession by *State v. Brewton*, 238 Or 590, 395 P2d 874, and *Jackson v. Denno*, 378 US 368, 12 L Ed2d 916, 84 S Ct 1774 (1964).

██ These determinations by the trial judge are subject to the review of appellate courts just as are other rulings on the admissibility of evidence. Therefore, because a factual determination is involved, it is important that the trial record disclose how the judge finds the facts so the appellate court may give full weight to his determination.

██ The state, in offering the confession in evidence, has the burden of showing its admissibility. When the only evidence in the record indicates that similar confessions have previously been taken under circumstances where defendant's rights have not been preserved, we cannot in fairness to the defendant conclude that the state has discharged its burden of showing the subsequent confession, taken shortly thereafter, was admissible. This conclusion is reached because the court belives that the normal propensities of a person placed in this situation would be to confess again because he knows that the authorities already have the information from him.

We hold that the last written confession was not properly received in evidence because the state did not carry the burden of showing its admissibility. Conse-

quently, defendant's conviction is reversed and remanded for a new trial.

We realize that, this trial having been pre-*Escobedo*, neither side had any reason to offer testimony relative to how effectively defendant was advised of his rights and how knowingly they might have been waived; or, if at any time he was effectively advised, to what extent any subsequent confession was tainted by one which might have been taken before he was so advised. Therefore, upon retrial the present rulings of this court are without prejudice to the admission of any of defendant's confessions which are shown to have been made under circumstances indicating that there was no infringement of his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the federal constitution.

Other errors are assigned, the existence of which may have an effect on the procedure at a new trial, if one be had. We therefore proceed to a discussion of appellant's other contentions.

Defendant further contends that his conviction was invalid because there was insufficient evidence corroborating the confession to show his agency in the commission of the crime. There was no evidence other than defendant's confessions linking him with the burglary. There was other evidence that a burglary had been committed at the time and place named by him in his statements.

ORS 136.540 (1) provides:

> "* * * nor is a confession only sufficient to warrant his conviction without some other proof that the crime has been committed."

The statutory requirement that a confession is insufficient to warrant conviction without some other proof

that a crime has been committed does not require that the defendant be identified with the criminal agency. *State v. Henderson,* 182 Or 147, 191, 184 P2d 392.

 Defendant argues that he was deprived of due process because excessive bail was required preventing him from gaining his freedom during the pendency of this case for trial, and that therefore he was unable to locate certain witnesses who were necessary for his defense. Defendant's bail was in the sum of $5,000. The defendant had an extensive criminal record. The setting of bail is within the sound discretion of the trial judge and will be disturbed only for an abuse of discretion. *Delaney v. Shobe,* 218 Or 626, 346 P2d 126. We cannot say the judge abused his discretion.

Appellant also contends that the issue of the voluntariness of defendant's confessions was improperly determined. The state concedes that the procedure used was not that prescribed by this court in *State v. Brewton,* supra. We presume the proper procedure will be followed in a retrial of the case. In fairness to the trial judge it should be explained that both *Jackson v. Denno* and *State v. Brewton* were decided subsequent to defendant's trial.

The case is reversed and remanded for another trial in conformance with this opinion.