459 P.2d 455
REVERSED.
Defendant Washington was indicted in Douglas County for rape of his 13-year-old daughter. ORS 163.220. He pleaded not guilty, waived jury trial, was tried by the court, convicted and sentenced to a term of eight years. This appeal was taken from the conviction.
The state's case consisted of the testimony of the secretary in the district attorney's office who recorded and transcribed defendant's confession, the officer who witnessed his signature to it, the investigating officer who talked with both the child and the defendant, and a physician who had examined the child. The child did not testify because some time prior to trial she had been taken by someone from the foster home in which she had been placed. Thereafter authorities were unable to locate her.
The defendant put on no case, but moved at the end of the state's case for a judgment of acquittal. The ground for this motion was "on the failure of proof of the state to establish, aside from the confession of the defendant, the corpus delicti of the crime."
The motion was denied. Defendant contends there was insufficient evidence to satisfy the requirements of ORS136.540(1) which states in part:
 "* * * [N]or is a confession only sufficient to warrant * * * conviction without some other proof that the crime has been committed." *Page 98 
The investigating officer testified that he talked with the child at the elementary school she attended in Oakland, Oregon. Based upon this meeting, he testified "she appeared to be thirteen years old." The officer informed defendant at his residence of the accusation. At defendant's request, he related the same information to defendant's wife. Both the defendant and his wife became extremely upset, and each denied the accusation. The officer testified that on the following morning, in a reversal of their demeanor of the previous day, the defendant and his wife appeared at his office, and defendant made the written confession in which the age of the child was stated and sexual intercourse between the defendant and the child was admitted. There is no question as to the voluntariness of this confession.
A necessary element to prove the corpus delicti of the crime here charged is age. State v. Watts, 208 Or. 407, 409,301 P.2d 1035 (1956).
There must be "some other proof" of the corpus delicti,
that is, of each element of the crime before the confession can be used as evidence. ORS 136.540(1).
In Watts, supra, the charge and the circumstances were close to those in the case at bar. The doctor's testimony quoted in the opinion was similar to that of the doctor reported in the transcript in this case. In each case the doctor testified on direct examination that it was his opinion that the child had an enlarged vaginal orifice caused by sexual intercourse. But both admitted on cross-examination that it was possibly caused by some other agency.
While the circumstances of Watts bore similarities to the instant case, there is also a striking dissimilarity. *Page 99 
There, the child as a witness testified that the defendant had not had sexual intercourse with her, and the defendant as a witness repudiated his previous confession.
Watts holds that the evidence of the corpus delicti must be clear, unequivocal, cogent and convincing, and that the doctor's testimony there did not meet the requirement of "other proof" of the corpus delicti, aside from the confession.
We deem it unnecessary further to compare the doctor's testimony in Watts and this case, or decide whether there was sufficient "other proof" of sexual intercourse.
The conviction must be reversed because there was not sufficient or proper evidence of the age of the child. Aside from the confession the only evidence was the investigating officer's testimony that when he saw her at her school that "she appeared to be thirteen years old." The fact that she attended an elementary school was some indication of age, perhaps, but not evidence such as was surely available in the school's records or possibly a number of other places. The officer did not describe the prosecutrix' physical appearance. The physician did not testify as to age.
The officer's opinion was objected to on the ground that it was not the best evidence of age. The objection was overruled. A proper ground for such an objection was pointed out in dictum in State v. Robinson, 32 Or. 43, 48 P. 357 (1897), a statutory rape case. At page 53 the court said:
 "* * * [A]ny witness, after carefully describing the appearance of an absent person may give an opinion as to his age * * *." *Page 100 
The officer, as noted, had not given any physical description of the child when he was questioned as to age and better evidence of age obviously was available in the school records.[1]
In 31 Am Jur 2d, Expert and Opinion Evidence 729, § 167, it is said:
 "The age of a person may, when no better evidence can be given, be proven by * * * opinion evidence. The courts are practically agreed that a nonexpert witness who has had adequate opportunities for observation may, after describing a person as fully as possible, give his opinion as to such person's age. This rule has been applied in * * * cases * * * for rape, expert medical testimony being also admissible * * * to prove the age of the prosecutrix." (Emphasis supplied.)
In the case at bar, the better evidence of school records was not offered, the officer did not describe the child and the doctor did not testify as to his opinion of her age.
The officer's opinion on the child's age was not evidence because it was not supported by a description. The evidence did not measure up as proof that was "clear, unequivocal, cogent and convincing" of corpus delicti necessary before the confession could be considered. Watts, supra.
The conviction is reversed and remanded for a new trial.
[1] State of Oregon, Minimum Standards for Public Schools,
13-040(3)(a) (1966):
 "Permanent Pupil Records: A school or school district shall maintain a complete record of each student enrolled. The permanent record includes * * * birth date * * *." (Promulgated by the State Department of Education, pursuant to ORS 326.111 and 327.010. Document 9817, Oregon Supreme Court Library.) *Page 101