Argued November 24, affirmed December 23, 1970, petition for
rehearing denied January 26, petition for review
denied February 23, 1971

## STATE OF OREGON, *Respondent, v.*
## WAYNE LENWOOD CONKLE, *Appellant.*

478 P2d 427

*James M. McGinty,* Myrtle Creek, argued the cause and filed the briefs for appellant.

*Doyle Schiffman,* District Attorney, Roseburg, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

Upon trial to the court without a jury, defendant was convicted of rape of his 13-year-old daughter. The defendant's sole assignment of error on appeal is that his motion for a directed verdict for judgment of acquittal should have been allowed, because there was not sufficient evidence, apart from the defendant's confession, from which the trier of fact could determine the crime of rape had, in fact, been committed.

At trial the defendant's written confession of guilt obtained by the police was received in evidence. The defendant does not contend that his confession was involuntary, or that he was not advised of his *Miranda*[1] rights. He objected to the admission of the confession, but only on the grounds that there was no proof of the *corpus delicti* as required by ORS 136.540 (1).[2]

There was also introduced into evidence a written and signed statement of the victim which set forth in detail the time and place in which the defendant had sexual intercourse with her. The other relevant evidence was proof of the victim's age and testimony of a medical witness who had examined the victim. The doctor's testimony was that his examination of the 13-year-old girl disclosed that she had been subjected to sexual intercourse. He stated that it was

---

[1] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

[2] ORS 136.540 (1) provides:

"A confession or admission of a defendant, whether in the course of judicial proceedings or otherwise, cannot be given in evidence against him when it was made under the influence of fear produced by threats; nor is a confession only sufficient to warrant his conviction without some other proof that the crime has been committed."

possible that the physical condition he observed could have been produced by means other than sexual intercourse, but that the chances were so remote—one in many thousands—that as a reasonable medical probability his opinion was that the cause of the condition was nothing but sexual intercourse. The defendant offered no evidence.

In the case at hand the prosecutrix did not testify and was not available as a witness. However, we need not here consider whether her written statement was properly received and whether defendant's admission of its veracity was corroboration of his confession.

Defendant argues that *State v. Watts*, 208 Or 407, 301 P2d 1035 (1956), holds that medical testimony of the kind here offered is not sufficient proof of the *corpus delicti*. We find to the contrary. In *State v. Watts*, supra, the defendant was convicted of rape of his 14-year-old daughter. The facts relied upon for the conviction were:

"* * * (1) that the father was alone with his daughter in the family home for a period of thirty or forty minutes while the mother and other children were absent; (2) that the daughter made an extrajudicial statement that the crime did occur during this interval; (3) that following the defendant's arrest he made oral confession of the crime; and (4) that a medical examination disclosed that the child's vaginal opening was enlarged." 208 Or at 408-09.

Further,

"The daughter upon the witness stand categorically denied ever having had sexual intercourse with the defendant, and the defendant repudiated his oral confession." 208 Or at 409.

Despite the daughter's repudiation of her alleged extrajudicial statement, and despite the defendant's repudiation of his oral confession, the defendant was found guilty. The medical testimony was equivocal. The doctor testified that in his opinion while sexual intercourse was by far the most likely explanation of the daughter's physical condition, there could have been several other causes. From the testimony it could not even be deduced that the probability that sexual intercourse was the cause was greater than the sum total of all other possible causes. The court reversed, holding that the medical evidence, which was the only evidence which could be considered as corroboration, was not clear, unequivocal, cogent and convincing. In its opinion the court said:

"We are not faced with the same question as confronted the jury. We do not weigh the evidence; our duty is to determine whether or not there was sufficient circumstantial evidence, clear, cogent, and convincing, from which the jury in the performance of its legal duties could deduce the commission of a crime." 208 Or at 411.

Here, the medical evidence was much stronger than in *Watts*. It meets the requirement of *Watts* that circumstantial evidence of the *corpus delicti* be "clear, unequivocal, cogent and convincing." Absolute certainty is not required.

Affirmed.