DELMAR DILLARD WHITTLEY, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 6659

December 27, 1971                    491 P.2d 1282

*Robert G. Legakes,* Public Defender, and *Jeffrey D. Sobel,* Assistant Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy of Appeals, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The appellant's motor vehicle collided with another, and two people were killed in the accident. The appellant was charged with involuntary manslaughter in violation of NRS 200.070. After a preliminary examination he was bound over to the district court for trial. He sought a writ of habeas corpus on the grounds that there was not sufficient evidence to constitute probable cause to support the charge. The writ was denied, and this appeal was taken.

At the preliminary examination the state introduced into evidence the results of a chemical analysis of the appellant's blood, which showed a blood alcohol content of .183. The test results had been received by the magistrate over the appellant's objection. He had contended that the test results were inadmissible, absent an affirmative showing by the state that the blood sample had not been adulterated by alcohol or antiseptic on his arm or by alcohol in the vial into which the blood

sample was placed. He argued that such an affirmative showing was a prerequisite to the admissibility of the blood sample into evidence.

Other evidence presented by the state at the preliminary examination placed the speed of the appellant's vehicle at a rate in excess of 80 miles per hour. There was testimony that the appellant had been seen taking several drinks from a bottle of liquor prior to the accident. An inventory of the appellant's vehicle after his arrest included a partially empty bottle of liquor.

The sole issue presented by this appeal is whether there was sufficient evidence offered at the preliminary examination to constitute probable cause to bind the appellant over for trial. The unlawful act alleged by the state to have been committed by the appellant to support the involuntary manslaughter charge was "driving under the influence of intoxicating beverage". We find that the evidence adduced was sufficient to support the charge, at the preliminary examination before the magistrate.

A preliminary examination is not a trial. Goldsmith v. Sheriff, 85 Nev. 295, 454 P.2d 86 (1969). At the preliminary examination, where the state is charged only with the burden of showing that a crime has been committed and that the accused probably committed it, the quantum of proof is not so great as at the trial, where the state's burden is to prove guilt beyond a reasonable doubt. Maskaly v. State, 85 Nev. 111, 450 P.2d 790 (1969); Miner v. Lamb, 86 Nev. 54, 464 P.2d 451 (1970); Lamb v. Cree, 86 Nev. 179, 466 P.2d 660 (1970). Moreover, we have held that to commit a defendant for trial the state is not required to negate all inferences but need only present enough proof to support a reasonable inference that the accused committed the offense. Lamb v. Holsten, 85 Nev. 566, 459 P.2d 771 (1969).

Thus there is no merit to the appellant's contention that, at the preliminary examination, the results of the chemical analysis of his blood were inadmissible without an affirmative showing that the vial and his arm had not been adulterated by cleansing alcohol. We agree with the magistrate's finding that there was sufficient evidence presented by the state to support the charge against the appellant, and consequently the order

of the district court denying the writ of habeas corpus is affirmed.