Argued January 18, affirmed March 16, 1972

## STATE OF OREGON, *Respondent, v.* JOSEPH LEE SHOEMAKER (No. 71-167-C), *Appellant.*

495 P2d 43

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert F. Webber, Deputy District Attorney, Grants Pass, argued the cause for respondent. With him on the brief was Robert M. Burrows, District Attorney, Grants Pass.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant appeals from a conviction of third degree arson involving the burning of a flatbed truck. The defendant voluntarily gave a written confession of the crime to a state police arson investigator and another police officer. Defendant claims that the confession was not corroborated in accordance with the requirements of ORS 136.540(1).[1]

The corroboration of a confession is sufficient when the state presents independent evidence of the corpus delicti. *State v. Paquin*, 229 Or 555, 368 P2d 85 (1962); *State v. Keller*, 240 Or 442, 402 P2d 521 (1965). That proof need not identify the defendant as the guilty person but must indicate that the crime has been committed. In an arson case our Supreme Court has held that evidence that the fire was started on the outside of the building by some person was sufficient to establish the corpus delicti independent of the confession. *State v. Breen*, 250 Or 474, 443 P2d 624 (1968).

---

[1] ORS 136.540(1):

"A confession or admission of a defendant, whether in the course of judicial proceedings or otherwise, cannot be given in evidence against him when it was made under the influence of fear produced by threats; nor is a confession only sufficient to warrant his conviction without some other proof that the crime has been committed."

The evidence here was that in the early morning hours of February 22, 1971, five vehicles belonging to a local construction company, all grouped in the same general area, were partially destroyed by five separate fires. Included in the group was the flatbed truck here involved. Other than defendant, there apparently were no eyewitnesses to the fires. Photographs were received in evidence, after they had been identified by Mr. Skudstad, proprietor and owner of the damaged vehicles, i.e., two trucks, a fork lift tractor and two other tractors. He stated the two pictures of the truck involved in this case portrayed its condition on the morning of February 22 after the fire.

Lt. Benninghoff, arson investigator for the state police, testified that he went to the scene the day of the fire. He testified that the photographs fairly portrayed the condition of the vehicles when he arrived. He further testified that the trucks were at least 15 feet from each other and the other three vehicles were elsewhere on the premises; that only the cabs of the two trucks were burned; that the seats of both vehicles had been cushioned with combustible foam rubber; that the firewall of the subject truck showed fire damage on the cab side but not on the engine side; that the windows of one of the trucks had burst out; that the seats, instrument panels and backrests of the two trucks were destroyed but that neither the body nor tires of either truck were burned; that on the seats of each of the other vehicles there were scorched areas and partially burned spots. The defendant, in his confession, stated that he cut the seats of the trucks with his knife and lit the foam rubber with his lighter. The knife and lighter were introduced in evidence by the state.

■ Defendant assigns as error refusal of the trial

judge to strike the testimony of the arson investigator that in his opinion the fire was started deliberately. He contends that the investigator's opinion was based in part on facts which were not in evidence. Officer Benninghoff had testified that in his opinion all five fires were of incendiary origin. His basis, it was disclosed from his testimony, was his total examination of the scene, examination of the materials and the observations he had made. He was asked to summarize the reasons for his conclusion. His summary was:

> "The reason for that is the examination of these vehicles, I determined from the firewall in the truck that the fire did not start from the engine. The truck hadn't been used. The seats, the instrument panel, backrests on both of the vehicles were absolutely destroyed. There were no keys in the vehicle, they were in the office. They hadn't been used, or the day before, and that's about all I can tell you. The fire didn't destroy the truck bed or the tires. I examined the rig. If it happened from something else I would have had some tell-tale evidence. There wasn't any."

Defendant contends that two facts to which Officer Benninghoff testified were not in evidence: (1) that the subject truck had not been used the day of the fire or the day before; and (2) that the key to the truck was not in the vehicle but was in the truck firm's office. From this he argues that the expert's opinion was based upon facts not in evidence and therefore improper.

The only other testimony about the use of the truck was from the owner, Mr. Skudstad:

> "Q  On February 21st after working hours what was the condition of that particular truck?
> "A  Well, I really don't—just an average truck in good shape that we used every day."

We note that February 21, 1971, was a Sunday and Officer Benninghoff's investigation was on Monday, February 22.

As to (1) above, it is not clear what Officer Benninghoff meant in his summary by the language he employed—whether he meant the truck was not being used at the time it was burned or whether he meant what defendant attributes to him—that the truck had not been used the day of the fire or the day before. If the latter, Benninghoff may have had in mind that the day before was Sunday and may have known that the truck was not used that day. Certainly a more reasonable interpretation of Mr. Skudstad's testimony that the truck was one "* * * we used every day" would be that the truck had been serviceable and useable before the fire, rather than it had been constantly in use, seven days per week.

As to (2) above, about the keys not being in the vehicle, the photographs of the cab of the truck, which the owner had testified represented the condition of the truck the morning of the fire, disclose no keys in the truck. Thus there is clear basis for Lt. Benninghoff's observation that the keys were not in the truck. If the defendant had believed that the officer's statements were not based upon his personal knowledge, he could have made a record at that time which might possibly have supported his claim. Rather, the defendant apparently concluded that the officer was being asked a hypothetical question and made his objection based only upon that premise:

> "[DEFENSE COUNSEL]: Your Honor, I appreciate I'm doing a lot of objecting, and I'm going to again. I would ask that Lieutenant Benninghoff's opinion be stricken because it assumes, he stated as a basis for it some assumptions that are

not in evidence, and for that reason I would object and ask that his opinion be stricken.

"THE COURT: Objection is overruled."

Failing either by questions in the aid of possible objection or cross-examination to develop a proper basis for his objection to Officer Benninghoff's testimony, the record will not support the objection defendant now urges on appeal. It is no longer necessary to cite authorities for the proposition that on appeal we will consider only error properly excepted to, absent unusual circumstances. We find no circumstances here which warrant an exception to the rule.

■ Moreover, without the two items of evidence to which defendant objects, the facts given by Lt. Benninghoff, which were recited above, point inescapably to the conclusion that the fires were of incendiary origin. No expert opinion was necessary because the facts were such that a layman was as competent to draw the conclusion as would have been an expert. The opinion of Lt. Benninghoff was, at most, cumulative evidence and we hold its admission, had it been error, provided "little, if any, likelihood of having changed the result of the trial." *State v. McLean,* 255 Or 464, 479, 468 P2d 521 (1970). Defendant's assignment of error is without merit.

Affirmed.