Argued August 19, reversed and remanded October 4, reconsideration
denied November 10, 1976, petition for review allowed
January 11, 1977
See 277 Or 483, 560 P2d 647

# STATE OF OREGON, *Respondent,*
## *v.*
# CLAUDE LEON CONANT, *Appellant.*
## (No. 2114-C, CA 6074)

554 P2d 1027

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Thomas H. Denny, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

LEE, J.

**LEE, J.**

Defendant appeals his conviction of criminally negligent homicide, ORS 163.145.[1]

The defendant was angry at his wife (Mrs. Conant) and began striking her and pushing her around one evening in their kitchen.

After several minutes the wife fled to a neighbor's house. She slipped and fell in a ditch enroute.

When she arrived at the neighbor's house she was holding her stomach with one hand. The neighbor said Mrs. Conant "looked bad" and complained several times that evening of her stomach hurting.

Mrs. Conant spent the night at the neighbor's house. The next morning her condition was worse and the neighbor took her to a hospital; she was dead on arrival.

There was medical testimony that the cause of death was peritonitis which resulted from perforation of the stomach. There was conflicting evidence about whether a bruise across Mrs. Conant's stomach could have been caused by the edge of a bench, table or counter in the Conants' kitchen.

The defendant's first assignment of error is the admission of certain hearsay testimony from the neighbor about what Mrs. Conant said. The district attorney's examination of the neighbor was interrupted as follows:

"Q. Upon answering the particular door, what did Peggy Ann Conant do?

"A. *She asked if Pat was there and myself.* And Tom said, yes, she was. And then she came in—

"MR. FONDA [Defense Counsel]: Objection, Your Honor. *You're not going to be able to testify as to hearsay.*

---

[1] ORS 163.145 provides:

"(1) A person commits the crime of criminally negligent homicide when, with criminal negligence, he causes the death of another person.

"(2) Criminally negligent homicide is a Class C felony."

[ 27 ]

Statements by other persons. The question was what did she do, what did she do. I object on the grounds of hearsay and ask that the answer be stricken.

"THE COURT: One minute. Let's find out who was present. Whether they were all in the hearing of each other before you start eliciting testimony." (Emphasis supplied.)

Two transcript pages later the court overruled the objection.

Subsequently, the district attorney's examination of the neighbor was again interrupted as follows:

"Q. Did she say how she got those bruises?
"A. Yes, sir, she did. She told me how—
"Q. What did she say?
"A. She—

"MR. FONDA: Objection, Your Honor. The witness may be allowed to testify what her words were but that's a conclusion which should be stricken.

"THE COURT: Yes, That conclusion of the witness will be stricken, ladies and gentlemen. That was an improper question to ask your witness now. Let's stay within the confines of the admissible testimony."

Thereafter (8 pages later in the transcript), the district attorney elicited further statements, without objection at that time, from the neighbor as follows:

"Q. Did she say how she got that pain?
"A. Yes. She told me that her husband beat her up.
"Q. Were those her exact words?
"A. No. Her exact words were, 'He beat me. He beat me real bad.' And I said, 'Who beat you?' And she said, 'my old man did.' "

Except as hereinbefore noted, defense counsel made no objection to the several hearsay statements or to the questions which elicited them.

■  The question before us is whether the defendant made proper and timely objection to the challenged testimony—generally, this is necessary to preserve an error on appeal. *State v. Keller,* 240 Or 442, 446-47, 402 P2d 521 (1965).

■ Defendant contends that the first objection he made put the court on sufficient notice that the defendant was objecting to *all* hearsay statements related by the neighbor. We agree.

We have stated before, in different context, that objections to the admission of evidence must be timely made so that if there is error, it can be corrected at the proper time. *State v. Evans,* 19 Or App 345, 354, 527 P2d 731 (1974), Sup Ct *review denied, cert denied,* 423 US 843 (1975). Howbeit, it was not necessary to object to each instance of hearsay from the same witness relating to the same declarant after the court had ruled adversely. Generally, hearsay is inadmissible. No exceptions are here urged. Since the defendant's objection put the trial judge on timely notice of the defendant's ground for objection, the admission of the hearsay testimony was reversible error.

■ Since it may arise again on retrial, we will discuss defendant's second assignment of error, which is the trial court's failure to give a requested instruction that:

> " 'Ladies and Gentlemen of the jury I further instruct you that in order to convict the Defendant of manslaughter in the first degree, manslaughter in the second degree or criminally negligent homicde (sic), you must find beyond a reasonable doubt that the defendant struck Peggy Ann Conant with his fists and pushed her causing her death *by reason of acute, purulent peritonitis.* In other words, the State must prove beyond a reasonable doubt a causal relationship between acts alleged to have been done by the Defendant and the death of Peggy Ann Conant.' " (Emphasis supplied.)

The court did instruct as follows:

> "* * * Thirdly, the State must prove to you that the defendant caused the death of Peggy Ann Conant recklessly under circumstances manifesting extreme indifference to the value of human life. And fourthly, the State must prove that the defendant caused the death of Peggy Ann Conant in the manner specified in the

[ 29 ]

Information, that is by the striking of Mrs. Conant with his fists and pushing the said Peggy Ann Conant."

It appears from the record before us that the requested instruction should have been given. *State v. Schwensen,* 237 Or 506, 392 P2d 328 (1964).

Reversed and remanded for new trial.