Argued November 15, 1977, reversed January 30, 1978

STATE OF OREGON, *Respondent,*

*v.*

KENNETH WAYMON SWEARENGIN, *Appellant.*

(No. 1085, CA 8984)

573 P2d 778

Irvin D. Smith, Burns, argued the cause and filed the brief for appellant.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant appeals from his conviction by a jury of attempted first degree arson, ORS 164.325, ORS 161.405, and assigns as error the trial court's denial of his motion for directed verdict on the ground that there was insufficient corroboration of his confession.

In his confession, defendant stated that he had shown his wife and one Cheryl Hill how to assemble a simple delayed fuse incendiary device, using a match-book and a cigarette. The confession states that on March 1, 1977, the defendant drove his wife to the house of Cheryl Hill. Defendant waited outside while his wife entered the house and upon her return she told him that she had set the incendiary device inside. Apparently no fire resulted. The confession states that the attempted arson was designed to obtain the insur-ance proceeds on Hill's house which was badly in need of repairs.

ORS 136.425(1) provides:

> "A confession or admission of a defendant, whether in the course of judicial proceedings or otherwise, cannot be given in evidence against him when it was made under the influence of fear produced by threats; nor is a confession only sufficient to warrant his conviction without some other proof that the crime has been committed."

Defendant contends that the corroboration require-ments of ORS 136.425(1) were not met. The state argues that the required corroboration was provided by evidence showing that on March 2, 1977, the day after the attempted arson, Hill's house burned down as the result of a fire which had been set inside the house.

The amount of corroboration required by ORS 136.425(1) has been the subject of many cases. In *State v. Watts,* 208 Or 407, 301 P2d 1035 (1956), the court held that the corroborative evidence must show at least that a crime had been committed. This require-ment that there be proof of a *corpus delicti* in addition

[ 351 ]

to a confession has been repeatedly enunciated by the Oregon courts. *See State v. Paquin,* 229 Or 555, 368 P2d 85 (1962); *State v. Wm. Lester Schleigh,* 210 Or 155, 310 P2d 341 (1957); *State v. Elwell,* 105 Or 282, 209 P 616 (1922); *State v. Howard,* 102 Or 431, 203 P 311 (1921); *State v. Shoemaker,* 8 Or App 402, 495 P2d 43 (1972); *State v. Washington,* 1 Or App 96, 458 P2d 694, 459 P2d 455 (1969).

In *State v. Watts, supra,* the court held that the standard of proof under the predecessor to ORS 136.425(1) was that there be "clear, unequivocal, cogent and convincing" evidence from which a jury could adduce that a crime had been committed. 208 Or at 410, *quoting State v. Weston,* 102 Or 102, 119, 201 P 1083 (1921); *see also State v. Conkle,* 4 Or App 392, 478 P2d 427 (1970), *rev den* (1971).

■ Here the indictment specifically charged the defendant with having attempted to commit arson on March 1, 1977. Applying the above rules to this case, there must be evidence, apart from defendant's confession, that an arson was attempted on March 1. *See State v. Paquin, supra.* The state contends that the actual burning of the house on March 2 is evidence that an attempted arson was perpetrated on March 1. While the evidence of the March 2 burning would tend to prove that the defendant was engaged in a continuing course of conduct aimed at burning Hill's house, it does not in any fashion provide the independent corroborative evidence of the *corpus delicti*—the attempted arson on March 1—required by the cases cited above.

Without any independent evidence that an attempted arson was committed on March 1, 1977, the state failed to meet its burden of corroboration required by ORS 136.425(1).

Reversed.