KELLY CECIL COOPER, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10158

February 16, 1979                                     590 P.2d 166

---

*Horace R. Goff,* State Public Defender, *Thomas R. Susich,* and *Robert B. Walker, Jr.,* Deputy Public Defenders, Carson City, for Appellant.

*David B. Small,* District Attorney, *Thomas L. Stringfield,* Deputy District Attorney, Carson City, for Respondent.

## OPINION

By the Court, ZENOFF, SR. J.:[1]

Kelly Cecil Cooper was convicted, by jury verdict, of attempted murder, forcible rape, and two counts of the infamous crime against nature. After sentence was imposed, he perfected this appeal.

In asking us to reverse, he advances multiple claims of error; however, only two warrant comment. They are: (1) the district court improperly denied the motion to suppress the victim's pre-complaint identification; and, (2) the infamous crime conviction cannot stand because the prosecuting attorney failed to

---

[1]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of JUSTICE NOEL E. MANOUKIAN, who voluntarily disqualified himself in this case. Nev. Const. art. 6, § 19; SCR 243.

allege and prove that Cooper was of "full age," an essential element of the crime.

Late on the night of October 8, 1976, the victim was beaten, choked, raped and forced to perform oral sex by a black male intruder in her home. The incident was reported to the Carson City Sheriff's office. The deputy who was dispatched to investigate observed an automobile driven by a black male subsequently identified as Cooper. The deputy stopped the car, explained the reason for the stop, and after a brief conversation, Cooper agreed to accompany the deputy to the victim's house to clear up the matter. Before presenting Cooper for identification, the deputy questioned the victim about her ability to identify the assailant and how he was dressed.

1. In support of his claim that the motion to suppress should have been granted, Cooper argues: (a) the identification was the fruit of an unlawful arrest made upon uncorroborated information; (b) his consent to accompany the deputy was involuntarily given; and, (c) the manner in which the identification was made violates constitutional standards.

Other than Cooper's subjective conclusions, the record is barren of any evidence to support the claim that he was either under arrest or restrained of his liberty prior to the time he was identified by the victim. Neither has Cooper pointed to any part of the record that might support his claim that he did not voluntarily accompany the deputy to the victim's residence.

The record is also barren of any evidence that would support Cooper's undocumented claim that the identification was conducted in a manner so "unnecessarily suggestive and conducive to irreparable mistaken identification" that Cooper was denied due process of law. Baker v. State, 88 Nev. 369, 372, 498 P.2d 1310, 1312 (1972). *See also* Kirby v. Illinois, 406 U.S. 682 (1972); Banks v. State, 94 Nev. 90, 575 P.2d 592 (1978).

2. In rejecting Cooper's claim that the infamous crime conviction cannot stand, we recognize that the statute, NRS 201.190, provides, in pertinent part, that "every person of *full age* who commits the infamous crime against nature shall be punished by imprisonment. . . ." (Emphasis added.) However, we note, that in another case which involved the then statutory rape statute (NRS 200.365), we rejected the same argument because " '[t]here is a presumption that a male person charged with . . . rape is over 18 years of age. If a defendant, so charged, is under 18 years of age, such is relevant only on the question of punishment. Age is a matter of defense, and the

burden of establishing this defense is on him.' '' Thomas v. Sheriff, 89 Nev. 17, 19, 504 P.2d 1313, 1314 (1973). Furthermore, during trial Cooper testified, on cross-examination, that he was 27 years old.

Cooper's other claims of error also lack merit and are summarily rejected.

Affirmed.

Mowbray, C. J., and Thompson, Gunderson, and Batjer, JJ., concur.