Argued and submitted December 20, 1996, reversed and remanded May 21, 1997

STATE OF OREGON,
*Appellant,*

*v.*

ANNA MARIE CUNEO,
*Respondent.*

(Q9402176T; CA A92620)

939 P2d 84

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Andy Simrin, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

■     In this DUII case, the state appeals a trial court order suppressing the results of defendant's performance of field sobriety tests. Defendant first agreed to take the tests at the officer's request. Before she did take the tests, the officer, following what at the time was standard practice in his department, gave her the statutory warnings provided in ORS 813.135. The trial court held that defendant's original consent was voluntary but that it was possible that she might have changed her mind if she had not received the warnings. It therefore held that, under *State v. Fish*, 321 Or 48, 893 P2d 1023 (1995), her performance of the tests was compelled and suppressed the results. On appeal, the state argues that all of the tests were admissible because defendant voluntarily performed them; alternatively, it asserts that at least the non-testimonial portions were admissible whether or not she acted voluntarily. We reverse and remand.

    In *State v. Nielsen*, 147 Or App 294, 936 P2d 374 (1997), we held that *Fish* does not require suppression of the results of those field sobriety tests that do not call for testimonial information. 147 Or App at 306.[1] On remand the trial court should determine, based on our discussion in *Nielsen*, which tests meet that criterion and are therefore admissible.

    Once the court has isolated the tests that have testimonial components, it must determine whether defendant voluntarily performed them. The trial court did not decide that question, because it held that, once the officer gave defendant the warnings, she was in the Hobson's choice situation that *Fish* disapproved, and the results were inadmissible as a matter of law. It explained:

> "We don't know if, what would have happened if she were not given those warnings. She may have said, when he asked her, I don't know whether he asked her to do the one-leg stand or not, but for example, without the warnings she may very well have said 'I'm not going to do it. I can't do it.' We don't know what would have happened there, but I

---

[1] Defendant concedes that probable cause and exigent circumstances justified a nonconsensual search and therefore does not raise any issues under *State v. Nagel*, 320 Or 24, 880 P2d 451 (1994).

think *Fish* is pretty clear that the warnings give you that Hobson's choice situation, and therefore it is unconstitutional according to the Oregon Constitution."

The difficulty with the trial court's analysis is that defendant originally agreed to perform the tests without any compulsion and thus without facing the Hobson's choice that the Supreme Court described in *Fish*. That case does not apply if the defendant voluntarily agrees to perform the tests without having received the statutory warnings. *See State v. Miller*, 146 Or App 303, 309 n 5, 932 P2d 112 (1997). The issue in this case is whether the subsequent warnings made defendant's previous voluntary agreement ineffective. That is a question of fact, not of law.

■ The trial court did not find whether defendant voluntarily performed the tests because of her prewarning agreement to do so and whether the warnings played any role in her decision. On remand, it should make those findings and enter an appropriate order either admitting or suppressing the evidence. As with other testimonial evidence that the state offers against a defendant, the state bears the burden of proving the voluntariness of defendant's performance of those tests that are not admissible under *Nielsen*. *See State v. Keller*, 240 Or 442, 450, 402 P2d 521 (1965); *State v. Brewton*, 238 Or 590, 603-04, 395 P2d 874 (1964); *State v. Gable*, 127 Or App 320, 323-24, 873 P2d 351, *rev den* 319 Or 274 (1994).

Reversed and remanded for further proceedings in accordance with this opinion.