OPINION

Per Curiam:

This is an appeal from a judgment of conviction, upon a jury verdict, of one count of burglary. Appellant Charles Rene Smith’s primary contention is that the district court erred in refusing his proffered jury instruction on the lesser crime of trespass. We hold that, under the elements test set forth in Blockburger v. United States,[1] the crime of trespass is not a lesser-included offense of burglary. Therefore, we conclude that the district court did not err in refusing Smith’s requested instruction.

FACTS

On July 10, 2003, at approximately 11:00 p.m., the victim awoke to the noise of glass breaking in his Las Vegas apartment. He went into the kitchen to investigate and observed someone trying to get inside the apartment through a broken window. The victim, recognizing the urgency of the situation, locked himself in the master bathroom and called 9-1-1. While the victim was on the phone with the 9-1-1 operator, the perpetrator, whom the victim later identified at trial as appellant Smith, broke down the master bedroom door and began rifling through the dresser drawers. Smith also kicked down the master bathroom door and stared at himself in the mirror, while the victim observed hidden in the shower.
Las Vegas Metropolitan Police Officer Shannon Kelly arrived at the apartment and arrested Smith. At the time of his arrest, Smith had the victim’s wallet, identification, credit card, cash, and watches in his pocket. Officer Kelly testified at trial that she questioned Smith about the incident, and he explained that he was in the apartment “looking for items that he could take and sell.” Officer Kelly also testified that Smith was apologetic and acknowledged that he was being arrested for burglary. Smith’s trial testimony, however, contradicted Officer Kelly’s. At trial, Smith testified that he was so intoxicated when he entered the apartment that *946 he did not know why he was there, and that he did not recall making any incriminating statements to Officer Kelly.[2]
During a hearing conducted outside the presence of the jury, Smith’s counsel requested a jury instruction on trespass as a lesser-included offense of burglary. Defense counsel argued that Smith was only guilty of the lesser crime of trespass because he did not intend to commit larceny when he entered the apartment. The State opposed the request, arguing that Smith never testified that he entered the apartment to vex or annoy, and if the jury believed that Smith had no intent to steal in entering the apartment, then Smith was guilty of the crime of home invasion. The district court, without explaining the basis for its ruling, refused Smith’s request for a trespass instruction.
After a two-day jury trial, Smith was convicted of burglary. The district court sentenced Smith to serve a prison term of 48 to 120 months. Smith filed this timely appeal.

DISCUSSION

Smith first contends that the district court erred in refusing to instruct the jury on the crime of trespass because it is a lesser-included offense of burglary. We disagree.
In Barton v. State, this court expressly adopted the elements test set forth in Blockburger “for the determination of whether lesser-included offense instructions are required.”[3] “The test is met when all of the elements of the lesser offense are included in the elements of the greater offense.”[4] In other words, under a strict application of Blockburger, an offense is lesser included only where the defendant in committing the greater offense has also committed the lesser offense.
Applying the elements test to this case, we conclude that trespass is not a lesser-included offense of burglary. NRS 207.200(l)(a) provides that a person is guilty of trespass where “under circumstances not amounting to a burglary . . . [the person g]oes . . . into any building of another with intent to vex or annoy the owner or occupant thereof, or to commit any unlawful act.”[5] The elements of the crime of trespass are defined in a man *947 ner that excludes acts that constitute burglary. Therefore, under the plain language of NRS 207.200(l)(a), the elements of trespass are not an entirely included subset of burglary because, by definition, trespass cannot be committed when entry into a building is accompanied by a burglarious intent. Because the offenses of burglary and trespass each require “proof of a fact which the other does not,” trespass is not a lesser-included offense of burglary under the Blockburger test.[6]
As Smith correctly notes, this court has previously held that trespass is a lesser-included offense of burglary.[7] Our prior holdings in this respect, however, preceded the Legislature’s 1989 amendment of the trespass statute, which added the language “under circumstances not amounting to a burglary.’ ’[8] The plain language of the 1989 amendment rendered the offenses of trespass and burglary mutually exclusive, altering the essential elements of the trespass offense so as to exclude entry into a dwelling with the intent to commit any of the offenses listed in NRS 205.060(1).[9] To the extent that our prior holdings may define trespass as a lesser-included offense of burglary, they are hereby overruled. Accordingly, we conclude that the district court did not err by refusing Smith’s proposed jury instruction on trespass.[10]
Smith also contends that the prosecutor engaged in prejudicial misconduct in referencing his prior burglary conviction during Smith’s cross-examination and in closing arguments.[11] We conclude that any prosecutorial misconduct was harmless in this case.
In considering whether prosecutorial misconduct warrants reversal of a conviction, this court considers the nature of the evidence *948 presented against the defendant.[12] “If the issue of guilt or innocence is close, [and] if the state’s case is not strong, prosecutor[ial] misconduct will probably be considered prejudicial.”[13] However, “[w]here evidence of guilt is overwhelming, even aggravated pros-ecutorial misconduct may constitute harmless error.”[14]
In this case, the State presented overwhelming evidence of Smith’s guilt. At trial, Smith conceded that he broke into the victim’s home and that he had possession of the victim’s personal property when he was arrested. Although Smith alleged that he was too intoxicated to form the intent to steal, the State presented ample evidence that Smith entered the apartment with the intent to commit larceny. Officer Kelly testified that Smith told her that he entered the apartment with the intent to steal and Smith was apologetic, acknowledging that he was being arrested for burglary. Moreover, the jury could have inferred that Smith had the intent to steal from the fact that he broke into the apartment late at night, as well as from Smith’s actions once inside. We therefore conclude that the alleged isolated instances of prosecutorial misconduct, if any, amounted to harmless error.
Having considered Smith’s contentions and concluded that they lack merit, we affirm the judgment of conviction.

 284 U.S. 299 (1932).

Although Smith’s trial testimony was not transcribed due to an equipment malfunction, the parties do not dispute the substance of the testimony.

 117 Nev. 686, 694, 30 P.3d 1103, 1108 (2001).

Id. at 690, 30 P.3d at 1106; see also Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966).

Cf. NRS 205.060(1) (“A person who . . . enters any . . . apartment . . . with the intent to commit grand or petit larceny, assault or battery on any person or any felony, is guilty of burglary.”).

Blockburger, 284 U.S. at 304 (citing Gavieres v. United States, 220 U.S. 338, 342 (1911)). For example, as noted above, under NRS 205.060(1), burglary requires proof that the accused acted with the intent to commit grand or petit larceny, assault or battery, or any felony. Trespass, on the other hand, requires proof that the accused acted with the intent to vex or annoy the owner or occupant, or to commit any unlawful act other than those offenses specifically listed in NRS 205.060(1).

See Kiper v. State, 98 Nev. 593, 595, 655 P.2d 526, 526-27 (1982); Block v. State, 95 Nev. 933, 936, 604 P.2d 338, 341 (1979).

 1989 Nev. Stat., ch. 466, § 1, at 997.

Although, under the 1989 amendment, trespass is no longer a lesser-included offense of burglary, we note that the amendment also renders it legally impossible for a person to commit both burglary and trespass based on the same act.

See Walker v. State, 110 Nev. 571, 574, 876 P.2d 646, 649 (1994) (discussing the circumstances when a defendant is entitled to a requested jury instruction on a particular offense).

Smith properly preserved this assignment of error by tendering a timely objection below.

Oade v. State, 114 Nev. 619, 624, 960 P.2d 336, 339 (1998).

Garner v. State, 78 Nev. 366, 374, 374 P.2d 525, 530 (1962).

King v. State, 116 Nev. 349, 356, 998 P.2d 1172, 1176 (2000).