An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JUAN DELEON MANNING,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 60883 |
| JUAN MANNING,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 61647 ✓<br><br>**FILED**<br><br>APR 1 0 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING IN DOCKET NO. 60883 AND ORDER ADMINISTRATIVELY CLOSING APPEAL IN DOCKET NO. 61647

These are proper person appeals from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Docket No. 60883

In his petition, filed on February 10, 2012, appellant challenged the admission of certain evidence; the district court's refusal to

---

[1] This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13-10605

allow certain jury instructions and verdict options; the validity of his waiver of rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966); and the constitutionality of his sentence as disproportionate to his crime. The first two claims were raised on direct appeal and rejected on their merits and are therefore barred by the doctrine of the law of the case. Hall v. State, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975) (stating that the holding on direct appeal is the law of the case on all subsequent appeals). The other two claims could have been raised on direct appeal and were therefore procedurally barred absent a demonstration of good cause and actual prejudice. NRS 34.810(1)(b). Appellant made no cogent argument of good cause or actual prejudice. We therefore conclude that the district court did not err in denying these claims.

Appellant next claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown, Strickland, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, Means v. State, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that counsel was ineffective for making a flawed double-jeopardy argument, which was the result of improper investigation. Appellant failed to demonstrate deficiency or prejudice. Appellant did not state what the results of a more thorough investigation would have been. Molina v. State, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Further, the law of the case is that appellant's convictions for both trespass and burglary arising from the same event do not violate the Double Jeopardy Clauses of the United States and Nevada constitutions. Manning v. State, Docket No. 56797 (Order of Affirmance, September 14, 2011); Hall, 91 Nev. at 316, 535 P.2d at 799; see also Smith v. State, 120 Nev. 944, 946, 102 P.3d 569, 571 (2004). We therefore conclude that the district court did not err in denying this claim.

Second, appellant claimed that counsel was ineffective for failing to investigate the discovery, resulting in an improper charge of burglary where he only intended to commit petit larceny. Appellant failed to demonstrate deficiency or prejudice. In his petition, appellant admitted that he did what he has done "countless times": find a discarded receipt and "reenter the retailer with the objective of 'pretending' to return whatever items appeared on that receipt for a cash refund." Appellant's admission that he entered the store with the intent to commit petit larceny and/or obtain money by false pretenses satisfied the elements for burglary. See NRS 205.060(1); Manning v. State, Docket No. 56797 (Order of Affirmance, September 14, 2011) (holding that sufficient evidence supported appellant's conviction for burglary). We therefore conclude that the district court did not err in denying this claim.

Finally, appellant claimed that he received ineffective assistance from appellate counsel, who failed to include an adequate

SUPREME COURT
OF
NEVADA

(O) 1947A

3

appendix for this court's review on direct appeal. Specifically, counsel failed to provide this court with the charging document that led to appellant's conviction in municipal court for trespass in violation of NRS 207.200, a conviction that preceded his burglary prosecution. We conclude that the district court erred in denying this claim without an evidentiary hearing.

Appellant pleaded sufficient facts that, if true, would have entitled him to relief, and thus to an evidentiary hearing on this claim. See Hargrove v. State, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Counsel's failure to include the document precluded this court from reaching the merits of appellant's redundancy argument. Manning v. State, Docket No. 56797 (Order of Affirmance, September 14, 2011). Further, it appears that appellant's dual convictions for trespass and burglary may have violated Nevada's prohibition against cumulative punishments under an "alternative-offense 'redundancy'" theory. Jackson v. State, 128 Nev. ___, ___, 291 P.3d 1274, 1283 (2012), petition for cert. filed 81 U.S.L.W. ___ (U.S. Mar. 5, 2013) (No. 12-9118); compare NRS 207.200 (defining trespass in part as "under circumstances not amounting to a burglary"), with NRS 201.230, and Braunstein v. State, 118 Nev. 68, 78–79, 40 P.3d 413, 420–21 (2002); see also Kirksey v. State, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying the Strickland test to claims regarding ineffective appellate counsel). In addition to conducting an evidentiary hearing, because of the complex legal issues involved, the district court should appoint post-conviction counsel to assist the petitioner. NRS 34.750(1).

<u>Docket No. 61647</u>

Appellant filed a second notice of appeal from the same order that was the subject of Docket No. 60883. The clerk of this court inadvertently docketed an appeal in Docket No. 61647 as a separate matter when appellant filed the second, duplicative notice of appeal. Accordingly, we direct the clerk of this court to administratively close the instant appeal.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND to the district court for proceedings consistent with this order in Docket No. 60883 and ADMINISTRATIVELY CLOSE THE APPEAL in Docket No. 61647.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                              Cherry

cc:   Hon. Jessie Elizabeth Walsh, District Judge
      Juan Deleon Manning
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk