An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KEVIN LORENZO STRADER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63601

FILED

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery and two counts of robbery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

First, appellant Kevin Strader argues that the justice court erred by continuing the preliminary hearing twice because the State failed to show good cause for the delay. We review a justice court's decision to grant a continuance for abuse of discretion. *State v. Nelson*, 118 Nev. 399, 403, 46 P.3d 1232, 1235 (2002). A continuance may be granted when the State submits a written affidavit demonstrating good cause for the continuance. *Hill v. Sheriff, Clark Cnty.*, 85 Nev. 234, 235, 452 P.2d 918, 919 (1969). When the State does not have sufficient time to prepare a written affidavit, the State "need only be sworn and orally testify to the same factual matters that would be stated in affidavit form were time available to prepare one." *Bustos v. Sheriff, Clark Cnty.*, 87 Nev. 622, 624, 491 P.2d 1279, 1280-81 (1971).

The record reveals that the State requested a continuance on July 19, 2011, as to Strader's co-conspirator Dennis Chavez because

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30889

neither of the two victims was present. The justice court granted the State's continuance and Strader agreed at that time to continue his own preliminary hearing for status check negotiations. On August 1, 2011, the State requested another continuance and presented sworn testimony that (1) victim S. Shehata had been subpoenaed on July 21, (2) he was an essential witness because he was able to identify Strader as the person who robbed him, and (3) the prosecutor had received notice that morning that Shehata was on vacation and unavailable to attend the hearing. Over Strader's objection, the justice court granted the continuance.

We conclude that the justice court did not abuse its discretion in granting the continuances. As to the first continuance, Strader himself agreed to it and thus cannot argue that it was improper. As to the second continuance, the totality of the circumstances does not demonstrate that the continuance was made without good cause or for the purpose of delay. *See Sheriff, Clark Cnty. v. Terpstra*, 111 Nev. 860, 863, 899 P.2d 548, 550 (1995) ("What constitutes 'good cause' is not amenable to a bright-line rule. The justice's court must review the totality of the circumstances to determine whether 'good cause' has been shown."). The State substantially complied with the *Bustos* requirements and nothing in the record suggests a "willful disregard" or "conscious indifference" to the rules. *See McNair v. Sheriff, Clark Cnty.*, 89 Nev. 434, 438, 514 P.2d 1175, 1177 (1973). While Strader points to inconsistencies in the State's averments in support of the first continuance, that continuance was requested only as to Chavez and the reasons for that continuance did not pertain to Strader's case.

Second, Strader argues that the district court erred by allowing the State to display a booking photograph of him to the jury

during opening statement.[1]   Strader did not object to the photograph during trial, and we conclude that Strader has failed to demonstrate plain error affecting his substantial rights. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (providing that this court reviews unpreserved claims for plain error); *Browning v. State*, 120 Nev. 347, 358, 91 P.3d 39, 47 (2004) (concluding that a booking photograph "had no appreciable prejudicial effect since jurors had no reason to assume that it had been taken in any other case but the one for which [appellant] was being tried").

Third, Strader argues that there was insufficient evidence to support his convictions because the victim's identification of him was not credible and there was no physical evidence connecting him to the crimes. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

---

[1]Strader originally argued on appeal that the State displayed a PowerPoint slide with Strader's photograph and the word "GUILTY" written on it to the jury during opening statement. This court allowed Strader time to seek relief pursuant to NRAP 10(c) because it was unclear from the record whether the PowerPoint slide was actually displayed. Strader has provided notice that, following a hearing by the district court, the parties agree that a photograph of Strader was shown to the jury without the word "guilty" on it. Strader has corrected the trial court record to include the photograph and requests that all references to the presence of the word "guilty" on the slide be deemed withdrawn from his fast track statement.

The evidence at trial showed that the two victims, J. Sotelo and S. Shehata, were sitting in a car in an apartment complex late at night when Strader and Chavez approached them. Chavez pointed a gun through the lowered window at Sotelo and demanded his wallet and keys, and Strader took an iPhone from Shehata's lap. As Strader and Chavez peeled out of the apartment complex in a white pickup truck, a security officer took down the license plate number. The police were notified and within minutes, officers located the truck nearby, followed it into a residential area, and took Strader and Chavez into custody. Shehata's phone was found near Chavez's feet, a gun matching the one Chavez was holding was discovered nearby, and Sotelo's wallet was found in the truck. Shehata showed up and immediately identified Strader and Chavez as the robbers.

We conclude that the jury could reasonably infer from the evidence presented that Strader was guilty of conspiracy to commit robbery and robbery with the use of a deadly weapon. *See* NRS 199.480; NRS 200.380; NRS 193.165. As to Strader's contention that the victims did not see the robber clearly, Shehata's description of the robber to the police largely matched Strader's appearance when he was arrested, and Shehata testified that there were plenty of lights shining in the apartment complex and he got a good look at Strader during the robbery. It is for the jury to determine the credibility of witnesses, *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), and a jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict, *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Fourth, Strader argues that the district court erred by rejecting his proposed "two reasonable interpretations" jury instruction.

Because the jury was properly instructed regarding reasonable doubt, we conclude that the district court did not err by rejecting Strader's proposed instruction. *See Bails v. State*, 92 Nev. 95, 98, 545 P.2d 1155, 1156 (1976).

Fifth, Strader argues that the district court erred by denying his proposed instructions regarding the lesser-related offense of larceny. Strader concedes that this court's holding in *Smith v. State*, 120 Nev. 944, 946, 102 P.3d 569, 571 (2004), forecloses his contention that larceny is a lesser-related offense of robbery, but he asks this court to revisit *Smith* in light of the newer decision in *Rosas v. State*, 122 Nev. 1258, 1269, 147 P.3d 1101, 1109 (2006). In *Smith*, this court held that an offense cannot be a lesser-included offense where the elements of the offense are defined in a manner that excludes acts that constitute the greater offense. 120 Nev. at 946, 102 P.3d at 571. The crime of larceny requires the taking of property "under circumstances not amounting to robbery." NRS 205.270. Thus, larceny cannot be a lesser-included offense of robbery because the statutory definition excludes acts amounting to robbery. In *Rosas*, this court addressed when a defendant is entitled to an instruction on a lesser-included offense. Because *Rosas* in no way altered our decision in *Smith* about when an offense is considered lesser-included, we decline Strader's request to revisit our holding in *Smith* and conclude that the district court did not err in rejecting Strader's proposed instructions.

Finally, Strader argues that the district court erred by denying his for-cause challenge of prospective juror 524 who repeatedly stated that she expected the defense to prove Strader's innocence. The district court denied the challenge after questioning the prospective juror about her understanding of the burden of proof and her willingness to follow the district court's instructions. Even if the district court erred in

denying the challenge to the prospective juror, Strader has failed to demonstrate that he was prejudiced. Prospective juror 524 did not sit on the jury, and Strader has not demonstrated that any jurors actually empanelled were not fair or impartial. *See Weber v. State*, 121 Nev. 554, 581, 119 P.3d 107, 125 (2005) ("Any claim of constitutional significance must focus on the jurors who were actually seated, not on excused jurors."). Therefore, no relief is warranted on this claim.

For the foregoing reasons, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Elissa F. Cadish, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk