# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN CHRISTOPHER GAZLAY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66105

**FILED**

MAY 1 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury trial, of burglary while in possession of a firearm, home invasion while in possession of a firearm, second-degree kidnapping with use of a deadly weapon, coercion, assault with a deadly weapon, battery constituting domestic violence-strangulation, and possession of a firearm by a felon. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant Steven Gazlay first argues that the district court conducted an insufficient *Faretta v. California*, 422 U.S. 806 (1975), canvass before granting his motion to represent himself. Gazlay's waiver of the right to counsel was valid because the record as a whole shows that he understood the risks of self-representation. *See Harris v. State*, 113 Nev. 799, 801, 942 P.2d 151, 153 (1997). The record belies Gazlay's arguments that the district court failed to canvass him regarding his lack of legal training, his duty to follow all legal rules, or the guidance that he who represents himself is said to have an unwise client. The presence or absence of specific warnings does not determine the sufficiency of a *Faretta* canvass, *see id.* at 803, 942 P.2d at 154-55, and the record makes

16-14930

clear Gazlay's understanding of the consequences of the decision to proceed to trial without counsel and his insistence on controlling the strategic decisions concerning his defense, *see Hooks v. State*, 124 Nev. 48, 54, 176 P.3d 1081, 1084 (2008). Thus, we conclude that Gazlay knowingly, intelligently, and voluntarily waived the right to counsel and that the district court's canvass was sufficient. *See id.*

Second, Gazlay argues that a potential juror tainted the venire when he stated during voir dire that he thought he remembered Gazlay's name from ten years ago and the district court did not immediately admonish the other venire members not to conduct independent research. Assuming that the district court must admonish the jury at each adjournment as to their duty not to research any matter connected with the trial, *see generally* NRS 175.401, relief is not warranted for a failure to admonish absent prejudice, *Bollinger v. State*, 111 Nev. 1110, 1114, 901 P.2d 671, 674 (1995). As Gazlay has offered no support for his theory that the venire members investigated his past and tainted the venire based on merely hearing that another potential juror remembered his name from years ago, we conclude that he has failed to show prejudice and that relief is not warranted.

Third, Gazlay argues that the district court abused its discretion in denying his motion for a new trial on the ground of juror misconduct based on comments overheard by a defense investigator. Gazlay first raised this argument in moving for a new trial more than one month after the verdict. The district court found that Gazlay's evidence was not newly discovered, *see Sanborn v. State*, 107 Nev. 399, 406, 812 P.2d 1279, 1284 (1991) (determining that motion for new trial on new evidence requires evidence to be newly discovered and unavailable to

discover and produce during trial with exercise of reasonable diligence), and denied the motion as untimely, *see* NRS 176.515 (providing that motion for new trial on ground other than newly discovered evidence must be made within 7 days of jury verdict). As Gazlay knew of the investigator's evidence of juror misconduct or could have so discovered with the exercise of reasonable diligence by speaking with the investigator on the trial's final day, we conclude that his motion was untimely and thus that the district court did not abuse its discretion in denying his motion for a new trial. *See DePasquale v. State*, 106 Nev. 843, 851, 803 P.2d 218, 223 (1990) (rejecting argument that district court should have heard motion for new trial filed 8 days after proceedings, missing 7-day deadline).

Fourth, Gazlay argues that the State provided inadequate notice of its forensic expert's anticipated testimony and failed to timely produce its expert's report. NRS 174.234(2) requires the State to disclose to the defense, at least 21 days before trial, a copy of an expert's curriculum vitae, a brief statement of the subject matter and substance of the expert's expected testimony, and all reports made by the expert. As Gazlay did not timely object, we review his argument for plain error. *Grey v. State*, 124 Nev. 110, 120, 178 P.3d 154, 161 (2008). The State's supplemental notice of expert witnesses sufficiently stated the subject matter and substance of the expected testimony. *See Perez v. State*, 129 Nev., Adv. Op. 90, 313 P.3d 862, 870 (2013). The State received the expert's report and delivered it to the defense 10 days before trial, thus failing to provide the report at least 21 days before trial. Gazlay cannot assert, however, that his preparation was impeded when he stated that he was ready for trial when the report's delivery was discussed and, two

weeks before trial, he both withdrew his then-outstanding discovery motions because he stated that he was ready for trial and rejected a continuance because he wanted to proceed without delay. We conclude that Gazlay has not shown plain error affecting his substantial rights.[1]

Fifth, Gazlay argues that the charging instrument provided inadequate notice of the conduct constituting kidnapping on the ground that second-degree kidnapping is not an included offense of first-degree kidnapping. A defendant may be found guilty of an offense necessarily included in the offense charged. NRS 175.501. Lesser-included offense instructions are proper when "all of the elements of the lesser offense are included in the elements of the greater offense[, and] an offense is lesser included only where the defendant in committing the greater offense has also committed the lesser offense." *Smith v. State*, 120 Nev. 944, 946, 102 P.3d 569, 571 (2004) (internal quotation marks and citations omitted). All acts of first-degree kidnapping involve second-degree kidnapping, i.e., seizing, inveigling, taking, carrying away, or kidnapping another person and in any manner holding to service or detaining that person against his or her will. *See* NRS 200.310. We conclude that Gazlay's argument lacks merit.

Gazlay argues that the charging instrument failed to provide notice of the conduct constituting kidnapping. To provide a defendant

---

[1]We conclude that Gazlay's arguments as to error regarding the expert's testimony fail because he raised the matter on cross-examination, such that it was within the factual record and proper to address at closing. *See Barrett v. State*, 105 Nev. 356, 359, 776 P.2d 538, 540 (1989); *Collier v. State*, 101 Nev. 473, 478, 705 P.2d 1126, 1129 (1985). Further, we conclude that Gazlay's argument that the State failed to produce the expert's notes fails, as Gazlay withdrew his discovery motions.

Supreme Court
OF
Nevada

(O) 1947A

with an opportunity to prepare an adequate defense, a charging instrument must provide adequate notice of the prosecution's theories by stating the essential facts constituting the offense in ordinary and concise language. NRS 173.075(1); *Viray v. State*, 121 Nev. 159, 162, 111 P.3d 1079, 1081-82 (2005). Gazlay failed to timely object, and we review his claim for plain error. *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). The charging instrument alleged an exact date of commission, a victim, the State's theory of Gazlay's intent to hold or detain with the purpose of killing or inflicting substantial bodily harm, and the use of a firearm. We conclude that Galzay has failed to show plain error.

Gazlay argues that insufficient evidence supported his conviction for second-degree kidnapping because the victim's movement was incidental to the other crimes arising from the same course of conduct. We note that Gazlay forced the victim to move between rooms—which was not necessary to complete the other charged offenses—and created a substantially greater danger to the victim when he compelled her to move upstairs—farther from means of escape—at a point when he was becoming increasingly agitated and immediately before he discharged the firearm and shot himself in the leg. *See Mendoza v. State*, 122 Nev. 267, 275, 130 P.3d 176, 181 (2006). Gazlay has failed to cogently argue how this movement was incidental, and we need not address this argument. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Eighth, Gazlay argues that cumulative error warrants reversal. We consider whether the issue of guilt was close, the quantity and character of the error, and the gravity of the crimes charged in reviewing for cumulative error. *Big Pond v. State*, 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985). Gazlay has identified errors related to the district

court's delayed admonishment and the delayed disclosure of the expert's report. As the record contains overwhelming evidence of his guilt and the quantity and character of the error were not substantial, however, we conclude that cumulative error does not warrant relief.

Having considered Gazlay's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:     Hon. Jessie Elizabeth Walsh, District Judge
        Landis Law Group
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

6