# IN THE SUPREME COURT OF THE STATE OF NEVADA

WESLIE HOSEA MARTIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80077

FILED

NOV 30 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of invasion of the home, burglary while in possession of a firearm, two counts of grand larceny, grand larceny of a firearm, attempted burglary, two counts of burglary, robbery with the use of a deadly weapon, cruelty to animals, and ownership or possession of a firearm by a prohibited person. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Weslie Hosea Martin argues that the district court erred or abused its discretion by (1) finding sufficient evidence to support his convictions, (2) admitting evidence in violation of his Fourth Amendment rights, (3) sentencing him in violation of the Double Jeopardy Clause, (4) denying his motion for substitute counsel, (5) denying his motion challenging the venire, (6) denying his pretrial motion seeking to preclude witness testimony, (7) prohibiting discovery of exculpatory information, and (8) failing to give a jury instruction for trespass as a lesser-included crime of attempted burglary. He also argues the district court committed four other plain errors. Alternatively, he argues reversal is warranted based on

21- 34117

cumulative error. We disagree with Martin's challenges and affirm the judgment of conviction.

*Martin's convictions are supported by sufficient evidence*

Martin challenges the sufficiency of the evidence for his convictions of (1) robbery with the use of a deadly weapon, (2) cruelty to animals, (3) ownership or possession of a firearm by a prohibited person, (4) burglary of Nevada Coin and Jewelry, and (5) attempted burglary. Additionally; he challenges the sufficiency of the evidence for all of his convictions on the theory that there was insufficient evidence of aiding or abetting.

When reviewing a sufficiency of evidence challenge, this court considers "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (internal quotation marks omitted).

*Robbery with the use of a deadly weapon*

During the robbery of the Newton residence on June 13, 2018, Martin took two pens belonging to Mr. Newton from the bedroom he shares with Mrs. Newton. While fleeing, Martin was confronted by Mrs. Newton and was attacked by the family's dogs, which he fended off with a large metal object before ultimately being able to escape. Martin was charged and convicted of robbing Mrs. Newton with the use of a deadly weapon stemming from this event.[1]

---

[1]We reviewed the sufficiency of the evidence claim for the robbery conviction only against Mrs. Newton. As pointed out by Martin, the amended indictment improperly listed two other potential victims in violation of a pretrial ruling. However, because we find there was sufficient

The elements of robbery are the unlawful (1) taking, (2) of another person's personal property, (3) from the person or in the person's presence, (4) against their will, (5) by means of force or violence or creation of fear of injury. NRS 200.380(1).[2] The penalty for robbery may be enhanced when a firearm or other deadly weapon is used during the commission of the crime. NRS 193.165(1). Martin argues the State did not prove elements two, three, and five, or that a deadly weapon was used in the course of the robbery. We disagree.

First, with respect to the second element, the possessory interest requirement, "the State must show that the victim had possession of or a possessory interest in the property taken." *Valentine v. State*, 135 Nev. 463, 468, 454 P.3d 709, 715-16 (2019). Martin, relying on *Valentine*, argues the State did not provide sufficient evidence that Mrs. Newton had a possessory interest because the stolen pens belonged to Mr. Newton.

In *Valentine*, we held that a defendant had not committed robbery against the wife when the husband handed the defendant $100 from his wallet because the State presented no evidence that the wife had the right to possess the money in her husband's wallet. *Id.* at 468, 454 P.3d at 716. We specifically rejected the argument that the mere fact the parties were married—which could mean that the property was community property—was sufficient to demonstrate that the wife had a possessory

_____

evidence that Martin robbed Mrs. Newton we conclude the error was harmless.

[2]We reviewed this case under the 1995 version of the statute because it was the version in effect at the time Martin committed the robbery. *See* 1995 Nev. Stat., ch. 443, § 60, at 1187-88.

interest in the money taken from the husband. *Id.* at 468 n.7, 454 P.3d at 716 n.7.

We conclude this case is distinguishable from *Valentine* because unlike the defendant in *Valentine*, who took money from the husband's person, here the pens were taken from the house and bedroom where Mrs. Newton lived—a place where she had a right to possess and retain property. The fact Mr. Newton *owned* the pens does not preclude a rational juror from finding that Mrs. Newton had the right to *possess* the pens. Therefore, viewing the evidence in the light most favorable to the State, a rational juror could have reasonably concluded that Mrs. Newton had a possessory interest in the stolen pens.

Second, with respect to the third element, the presence requirement, "[w]e have adopted a broad definition of 'presence' with respect to robbery." *Guy v. State*, 108 Nev. 770, 775, 839 P.2d 578, 581 (1992). The presence requirement is satisfied not only when the person is physically present during the taking, but also when the victim is so overcome by violence or fear that they are prevented from retaining possession of the property. *Id.* at 775, 839 P.2d at 582.

Applying our broad definition of "presence," Mrs. Newton testified that she was placed in fear when two men, one alleged to be Martin, confronted her outside of the house and beat her dogs before ultimately escaping. A rational juror could have found Mrs. Newton was prevented by fear from retaining possession of the pens. Therefore, we conclude that there was sufficient evidence that the stolen pens were taken from Mrs. Newton's presence.

Finally, we reject Martin's last two contentions—that neither the force nor deadly weapon enhancement were sufficiently proven. Mrs.

Newton testified that Martin, or his coconspirator, upon exiting the house, approached her with a long metallic object raised in his hand and proceeded to strike the family's dogs, severely injuring them. A rational juror could have found that this evidence was sufficient to satisfy both elements.

In conclusion, we conclude Martin's robbery conviction was supported by sufficient evidence.[3]

*The district court did not violate Martin's Fourth Amendment rights by denying his oral motion to suppress admission of photographs of his backpack*

Martin challenges the district court's decision to allow the State to introduce photographs taken of the inside of his backpack—that showed stolen property belonging to the Newtons—after he was stopped by a police officer. Martin was stopped when an officer was investigating a Crime Stopper's tip that stated Martin was contributing to the delinquency of a minor and was connected to the Newton home invasions.

We review the denial of a motion to suppress as a mixed question of fact and law. *State v. Lisenbee*, 116 Nev. 1124, 1127, 13 P.3d 947, 949 (2000). "This court reviews findings of historical facts under the clearly erroneous standard, but the legal consequences of those facts are questions of law which we review de novo." *Id.* Thus, we review the district court's legal conclusion—that the officer had reasonable suspicion to stop

---

[3]We also reviewed Martin's other sufficiency of the evidence challenges and conclude that each of the convictions are supported by sufficient evidence. With respect to Martin's challenge regarding proof of conspiracy or aiding and abetting, we conclude that there is sufficient evidence to support the State's alternative theory for criminal liability— that Martin directly committed each of the crimes of which he was convicted. Therefore, we conclude all of Martin's convictions are supported by sufficient evidence.

Martin—de novo and its factual finding—that Martin consented—under a clearly erroneous standard.

"[P]olice officers may temporarily detain a suspect when officers have reasonable articulable suspicion that the suspect has committed, is committing or is about to commit a crime." *Somee v. State*, 124 Nev. 434, 442, 187 P.3d 152, 158 (2008) (internal quotation marks omitted). "An anonymous tip can provide reasonable suspicion to justify an investigatory stop if it exhibits sufficient indicia of reliability and is suitably corroborated." *McMorran v. State*, 118 Nev. 379, 387, 46 P.3d 81, 86 (2002). Whether reasonable suspicion exists is determined based on the totality of the circumstances. *Somee*, 124 Nev. at 442, 187 P.3d at 158. Totality of the circumstances requires evaluating both the quantity and quality of information possessed by the police. *See Alabama v. White*, 496 U.S. 325, 330 (1990).

Considering the totality of the circumstances, we conclude the officer had sufficient reasonable suspicion to stop Martin. The officer testified that she possessed a tip stating Martin was involved in the Newton home invasions and that he was also contributing to the delinquency of a missing minor.[4] She testified that the tip listed the address where both the minor and Martin could be located. The officer went to the address and

---

[4]We reject Martin's argument that he was prejudiced in arguing his motion to suppress by not having access to the sealed officer notes regarding two Crime Stopper tips. It was the officer's testimony regarding the tip and not the actual tips that formed the basis for the district court's decision to admit the photographs. Martin had the opportunity to and did cross-examine the officer regarding the contents of the tip. Thus, we conclude Martin was not prejudiced simply because he did not have access to the physical document.

corroborated that both Martin and the minor had recently been at the residence. Although the officer was told the missing minor was not with Martin, the fact that the minor was still missing, that Martin was alleged to be connected with her, and that he also was connected to the Newton home invasions was sufficient to create reasonable suspicion to stop Martin.

We also conclude that the district court's finding that Martin consented to the search of his backpack was not clearly erroneous because the district court heard testimony that Martin affirmatively provided the officer consent prior to searching his backpack.[5]

In sum, we conclude the district court did not violate Martin's Fourth Amendment rights by denying his oral motion to suppress by admitting the photographs of the inside of his backpack.

*Martin's convictions do not violate double jeopardy*

Martin argues that his convictions of burglary while in possession of a firearm, grand larceny of a firearm, and possession of a firearm by a prohibited person violate the Double Jeopardy Clause of both the United States and Nevada Constitution because he received multiple punishments for the same offense.

"A claim that a conviction violates the Double Jeopardy Clause generally is subject to de novo review on appeal." *Davidson v. State*, 124 Nev. 892, 896, 192 P.3d 1185, 1189 (2008). Conviction of multiple crimes is not considered redundant and does not violate the Double Jeopardy Clause

---

[5]Martin argues that the officer's testimony regarding his consent was not credible. We reject Martin's argument. The district court found the officer's testimony credible. Credibility determinations are left to the district court and, absent a mistake, we will not reweigh credibility on appeal. *See State v. Rincon*, 122 Nev. 1170, 1177, 147 P.3d 233, 238 (2006).

if each crime requires proof of an element that the others do not. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932) (establishing an elements test for determining whether separate offenses exist for double jeopardy purposes); *see also Jackson v. State*, 128 Nev. 598, 604, 291 P.3d 1274, 1278 (2012) (applying the *Blockburger* test to redundancy claims when the relevant statutes do not expressly authorize or prohibit cumulative punishment).

Each of the three convictions Martin challenges requires proof of an element that the other two do not: burglary requires proof of unlawful entry with a specific intent to commit a crime, *see* NRS 205.060(1); grand larceny of a firearm requires proof that the defendant intentionally took a firearm owned by another person, *see* NRS 205.226(1); and possession of a firearm by a prohibited person requires proof that the defendant was previously convicted of a felony or another enumerated crime, *see* NRS 202.360(1). Therefore, we conclude Martin's convictions do not violate the Double Jeopardy Clause's prohibition against multiple punishments.

*The district court did not abuse its discretion by denying Martin's motion to substitute counsel*

We review the denial of a motion to substitute counsel for abuse of discretion. *Anderson v. State*, 135 Nev. 417, 424, 453 P.3d 380, 386 (2019). When considering whether the district court abused its discretion in denying a motion for substitution of counsel, we consider (1) the extent of the conflict, (2) the adequacy of the inquiry, and (3) the timeliness of the motion. *Young v. State*, 120 Nev. 963, 965, 102 P.3d 572, 574 (2004). We consider each factor in turn.

First, we evaluate the extent of the conflict. "A defendant is not entitled to reject his court-appointed counsel and request substitution of

other counsel at public expense absent a showing of adequate cause for such a change." *Gallego v. State*, 117 Nev. 348, 362, 23 P.3d 227, 237 (2001) (internal quotation marks omitted), *abrogated on other grounds by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011). Further, a defendant cannot establish that a conflict is irreconcilable simply because he refuses to cooperate with appointed counsel. *Id.* at 363, 23 P.3d at 237. Here, the conflict turned on a dispute regarding whether to concede guilt at trial.[6] The district court told Martin and his counsel the decision whether to concede guilt was Martin's alone to make.[7] Although there was a disagreement, there was not actually a true conflict because Martin had the final say regarding whether to concede guilt. Thus, Martin has not demonstrated an adequate cause for the change in counsel and any conflict that he perceived was minor.

Second, the district court adequately inquired into Martin's request for substitute counsel because on three separate occasions it provided Martin an opportunity to raise issues he was experiencing. On each occasion, the district court gave Martin an opportunity to speak and

---

[6]We considered the other instances of attorney-client conflict Martin points to, but determine they have minimal bearing on determining the extent of the conflict because they were resolved by the district court in other hearings. Thus, those conflicts informed our analysis but only with respect to the relationship between Martin and his counsel generally.

[7]Martin does not raise, nor do we consider, whether his counsel's desire to concede guilt violated his Sixth Amendment rights under *McCoy v. Louisiana*, ___ U.S. ___, 138 S. Ct. 1500 (2018). We consider the issue of whether to concede guilt only as it relates to the extent-of-the-conflict factor as part of *Young*'s three-factor analysis for evaluating a district court's denial of substitute counsel.

inquired into the extent of the conflict.[8]  Thus, the district court's inquiry was adequate.

Third, Martin's motion for substitute counsel was not timely as it was raised during calendar call on June 11, 2019, with the trial scheduled to begin June 17.  Martin argues that the district court's inquiries were inadequate because it did not ask him pointed questions regarding the perceived conflict.  We reject this argument in light of the numerous opportunities the district court provided Martin to raise his concerns.  Nor does Martin identify any particular question that he believes the district court should have asked.

Based on the foregoing, we conclude the district court did not abuse its discretion by denying Martin's motion for substitute counsel.

*The district court properly denied Martin's fair-cross-section challenge to the venire*

Martin argues that the district court erred by denying his fair-cross-section challenge to the venire and stopping him from questioning the jury commissioner regarding the jury selection process.

This court reviews a district court's denial of a defendant's request for an evidentiary hearing for an abuse of discretion.  *Valentine*, 135 Nev. at 464, 454 P.3d at 713.  To succeed on a fair-cross-section-of-the-community challenge, a defendant must show, among other requirements, that there was "underrepresentation [of a distinctive group in the

---

[8]Martin argues that the district court's inquiries were inadequate because it did not ask him pointed questions regarding the perceived conflict. We reject this argument in light of the numerous opportunities the district court provided Martin to raise his concerns.  Nor does Martin identify any particular question that he believes the district court should have asked.

community] . . . due to systematic exclusion of th[at] group in the jury-selection process." *Williams v. State*, 121 Nev. 934, 940, 125 P.3d 627, 631 (2005) (emphases omitted) (internal quotation marks omitted). An evidentiary hearing is warranted only if the defendant makes the foregoing specific allegation. *Valentine*, 135 Nev. at 463, 454 P.3d at 712.

On appeal, Martin admits that he did not make a specific allegation of systematic exclusion in the district court.[9] Martin did not establish a prima facie case for his challenge. Therefore, the district court did not abuse its discretion by denying his fair-cross-section challenge without holding an evidentiary hearing.

*The district court did not abuse its discretion by denying Martin's pretrial motion seeking to preclude Detective Krmpotich from testifying and identifying him in surveillance videos at trial as a lay witness*

"We review a district court's decision to admit or exclude evidence for an abuse of discretion." *McLellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). "Generally, a lay witness may testify regarding the identity of a person depicted in a surveillance photograph if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury." *Rossana v. State*, 113 Nev. 375, 380, 934 P.2d 1045, 1048 (1997) (internal quotation marks omitted).

Prior to trial, Detective Krmpotich interviewed Martin, during which he was able to observe him close up, his mannerisms and facial

---

[9]We reject Martin's argument that the district court determined he made a prima facie showing because it made its own record. The district court did not make any determination about whether Martin satisfied his initial burden. The district court's record cannot be said to be evidence that Martin established his required prima facie case.

movements, and his physical movements including his gait and posture. This interaction between Detective Krmpotich and Martin provides a sufficient basis for concluding Detective Krmpotich would more likely identify Martin correctly as the person depicted in the surveillance video than the jury. Therefore, the district court did not abuse its discretion by denying Martin's motion and permitting Detective Krmpotich to testify as a lay witness when identifying Martin.

*The Crime Stoppers tip was properly sealed*

Martin challenges the district court's determination that officer notes summarizing certain Crime Stoppers tips were not exculpatory. He argues the district court improperly sealed the notes and denied his discovery request and post-trial motion to unseal the information because it deprived him of the opportunity to raise the issue adequately on appeal.

"The determination of whether particular evidence is exculpatory is generally left to the discretion of the district court." *Ostman v. Eighth Judicial Dist. Court*, 107 Nev. 563, 564, 816 P.2d 458, 459 (1991). "Exculpatory evidence is defined as evidence tending to establish a criminal defendant's innocence." *State v. Huebler*, 128 Nev. 192, 200 n.5, 275 P.3d 91, 96 n.5 (2012) (alteration omitted) (internal quotation marks omitted).

Upon review, the information contained in the sealed record does not tend to establish Martin's innocence. The sealed exhibit consisted of a summary of two Crime Stoppers tips possessed by the State. The State disclosed the content of one of the tips to Martin. The other tip was not pertinent to this case. Having independently reviewed the sealed exhibit, we agree with the district court that neither of these tips were exculpatory. Therefore, the district court did not abuse its discretion by sealing the

Crime Stoppers tips or rejecting Martin's motion requesting to have the Crime Stopper's tip unsealed for appellate purposes.

*The district court properly rejected Martin's proposed jury instruction*

Martin argues the district court erred in determining trespass is not a lesser-included offense of attempted burglary and by rejecting his proposed trespass jury instruction.

This court reviews a district court's denial of proposed jury instructions for an abuse of discretion. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). A defendant is entitled to an "instruction on his or her theory of the case, so long as there is some evidence." *Williams v. State*, 99 Nev. 530, 531, 665 P.2d 260, 261 (1983). But a defendant is not entitled to jury instructions that are "misleading, inaccurate or duplicitous." *Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005).

We have expressly held that trespass is not a lesser-included offense of burglary because the intent requirement for trespass is different from the burglarious intent required for burglary. *Smith v. State*, 120 Nev. 944, 946-47, 102 P.3d 569, 571 (2004). Martin argues that our holding in *Smith* does not apply here because *attempted* burglary is distinguishable from burglary. Specifically, he says attempted burglary is distinguishable because Nevada's trespass statute includes "circumstances not amounting to a burglary." NRS 207.200(1). We reject Martin's argument.

An attempt is a specific intent crime requiring the actor to act with the same intent as would be necessary to be found guilty for the underlying crime. NRS 193.330(1). Thus, to be guilty of attempted burglary, a defendant must act with a burglarious intent. Because the burglarious intent element is required for both burglary and attempted burglary, by extension of our holding in *Smith*, trespass cannot be a lesser-

SUPREME COURT
OF
NEVADA

(O) 1947A

13

included offense of attempted burglary. Trespass is a separate and distinct crime. Therefore, the district court did not abuse its discretion by denying Martin's proposed jury instruction.

*Martin has not demonstrated plain error*

Martin raises a number of issues for the first time on appeal. We review "all unpreserved errors . . . for plain error without regard as to whether they are of constitutional dimension." *Martinorellan v. State*, 131 Nev. 43, 48, 343 P.3d 590, 593 (2015). Under plain error review, the "appellant must demonstrate that: (1) there was an error; (2) the error is plain, meaning that it is clear under current law from a casual inspection of the record; and (3) the error affected the defendant's substantial rights." *Jeremias v. State*, 134 Nev. 46, 50, 412 P.3d 43, 48 (2018) (internal quotation marks omitted). Specifically, Martin argues: (1) the State committed prosecutorial misconduct, and (2) the district court failed to make the required express findings of fact prior to imposing the deadly weapon sentence enhancement.[10] We address each of Martin's contentions in turn.

*The State's conduct did not constitute plain error*

Martin alleges the State committed prosecutorial misconduct during both its opening and closing statements.[11]

_____

[10]Martin raises two other plain error issues: (1) the district court erred by asking him whether he was going to present any witnesses in front of the jury, and (2) the indictment was improperly broadened and later amended. Martin has not shown either of these two issues constituted plain error under current law and therefore we reject his contentions.

[11]Martin raises a third issue, that the State committed prosecutorial misconduct by changing its theory of prosecution on the robbery count during its closing. He has not cogently argued this issue or supported it

Martin first argues that the State committed prosecutorial misconduct during its opening statement by asking the jury to "find Mr. Martin guilty of the charges," while contemporaneously showing a PowerPoint slide that contained the single word, "GUILTY." He states this violates the presumption of innocence by analogizing to *Watters v. State*, 129 Nev. 886, 313 P.3d 243 (2013). We disagree. *Watters* is distinguishable from the case at bar because here the slide only included the word "GUILTY" and was not accompanied by a photograph of Martin, as was the case in *Watters*. This difference makes this case distinguishable from *Watters* and, as such, the State's action was not prohibited and did not amount to plain error.[12]

Second, Martin argues that the State committed prosecutorial misconduct amounting to plain error warranting reversal during its closing rebuttal argument by personally vouching for its case. Specifically, he points to the prosecutor's comment, "I've made a lot of mistakes in my life, but this sure as hell ain't one of them. . . . Mr. Martin is charged with these crimes and sitting in front of you because he is guilty . . . ." We conclude that the prosecutor's comment directly reflected his belief that Martin was guilty and thus his comment constituted plain error. *See Taylor v. State*, 132 Nev. 309, 324, 371 P.3d 1036, 1046 (2016) ("[P]rosecutors are prohibited from expressing their personal beliefs on the defendant's guilt."). However,

---

with relevant legal authority. Therefore, we do not consider this argument. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

[12]That said, we do not condone the State's behavior, and clarify that such action does not warrant additional analysis solely because Martin failed to establish that it was clear under current law that the State's action was prohibited.

Martin did not show that the error affected his substantial rights. Rather, in context, the statement was isolated and de minimis in relation to the State's entire rebuttal argument. *See Leonard v. State*, 117 Nev. 53, 81, 17 P.3d 397, 414 (2001) ("A prosecutor's comments should be considered in context, and a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone." (internal quotation marks omitted)). Thus, Martin has not demonstrated this statement deserves relief under the plain error standard of review.

Therefore, we conclude that Martin failed to demonstrate that the State committed prosecutorial misconduct amounting to reversible plain error.

*The district court's failure to make express findings of fact prior to imposing the deadly weapon sentence enhancement for the robbery count did not amount to plain error warranting reversal*

"[NRS 193.165(1)] requires the district court to make separate findings for each deadly weapon enhancement." *Mendoza-Lobos v. State*, 125 Nev. 634, 643, 218 P.3d 501, 507 (2009). "[T]he district court must consider each factor as it specifically relates to each enhancement." *Id.* at 643-644, 218 P.3d at 507.

In this case, the district court did not make any findings of fact regarding the factors listed in NRS 193.165(1). Failure to make specific findings of fact constituted plain error. *Id.* at 643, 218 P.3d at 507. But Martin has not demonstrated that the error affected his substantial rights. Rather, the record reflects the district court was provided information concerning all of the factors enumerated in NRS 193.165(1): it heard argument regarding the facts and circumstances of the crime, noted Martin's criminal history, listened to the testimony from two of the victims, reviewed three letters provided by Martin, and listened to mitigating

testimony from Martin. This evidence demonstrates the district court properly considered NRS 193.165(1)'s factors, despite its failure to make express findings regarding those factors on the record. As a result, Martin's substantial rights were not impinged. Therefore, we conclude the district court's failure to make express findings of fact does not constitute plain error warranting reversal.

In conclusion, we find that none of Martin's plain error challenges warrant relief.[13]

Accordingly, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

---

[13]We further conclude that relief is not warranted under the cumulative error doctrine. *See Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000) (in considering whether to apply the cumulative error doctrine this court weighs the (1) evidence of guilt; (2) nature of the errors; and (3) gravity of the crimes charged). Although Martin was convicted of 12 serious felonies, the overwhelming evidence of guilt and nominal nature of the errors outweigh that factor. Therefore, cumulative error does not warrant reversal.

cc: Hon. Michael Villani, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk